No. 16.—BIRDSONG & SLEDGE, plaintiffs in error, *vs.* JOAB BROOKS, defendant.

[1.] Declarations, founded on the process of attachment, must be filed at the first term of the Court to which the attachment is made returnable.

Attachment in Muscogee Inferior Court. *Certiorari* to the Superior Court. Decided by Judge Alexander, May Term, 1849.

This was an attachment issued against Birdsong & Sledge, at the instance of Joab Brooks, returnable to the Inferior Court of Muscogee County. At the second term, after the attachment sued out, the defendants in attachment moved to dismiss the same on the ground that no declaration was filed at the first term, as

Birdsong & Sledge *vs.* Brooks.

required by the Statute.  A declaration had been filed previous to the making of the motion.

The Inferior Court sustained the motion, and dismissed the attachment.

Upon this decision a *certiorari* was prayed and sued out to the Superior Court of Muscogee, and upon hearing the return to the same, the Judge presiding reversed the decision of the Inferior Court.

This judgment of reversal was excepted to by the defendants in attachment, and error has been assigned thereon.

W. DOUGHERTY, for plaintiff in error.

BENNING, representing A. G. FOSTER, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The only question in this case is, as to the construction to be given to the Act of 29th December, 1838, relative to the filing declarations, founded on the process of attachment.   The Act of 1838, declares that " declarations, founded on attachments, *may* be filed at the first term of the Court, to which the same shall be returned."   *Hotchkiss,* 553.   The public interest requires that all suits in our Courts should be determined as speedily as possible, and the interest of the party, whose property is seized under the process of attachment, also requires that there should be no delay on the part of the plaintiff in the attachment, in filing his declaration founded thereon.   The true rule for the construction of the word *may* in a Statute is, that when such Statute concerns the public interest, or affects the rights of third persons, then, the word *may,* shall be construed to mean *must* or *shall.*   5 *Comyn's Dig. top page,* 330, *title Parliament, letter R.* 22.   See *Alderman Backnell's case,* 1 *Vernon,* 152.   In establishing the rule of practice upon the subject of filing declarations founded on attachment, we think the public interest, as well as the interest of the defendant in the attachment, requires that the declaration should be filed at the first term of the Court to which the attachment is made returnable, and that the word *may,* in the Act of 1838, ought to be held and construed as *imperative* on the plaintiff in attachment.

Let the judgment of the Court below be reversed.