69349. STATE OF GEORGIA v. WATERS.
(326 SE2d 243)

BANKE, Chief Judge.

The State filed this action pursuant to OCGA § 16-13-49 to condemn $21,271 in currency which drug enforcement agents had seized from the appellee at the Atlanta International Airport on January 7, 1983. This appeal is from the trial court's grant of summary judgment to the appellee based on the State's failure to file the action within 30 days after receiving notice of the seizure.

The State filed its petition on February 11, 1983, alleging therein that notice of the seizure had been reported to the district attorney on January 13, 1983. However, it appears without dispute from the record that an agent and employee of the district attorney's office participated both in the arrest of the appellee and in the seizure and counting of the currency. The appellee was indicted on January 13, 1983, as of which time, no written report had yet been forwarded to the district attorney's office regarding the matter. Referring to the procedures which existed for transmission of such reports, the district attorney testified, "There's nothing magical about having it written down." *Held*:

1. The appellee's motion for dismissal of the appeal based on the State's failure to file its brief and enumeration of errors within 20 days of the docketing of the case is denied. See Court of Appeals Rule 14.

2. OCGA § 16-13-49 provides, in pertinent part, as follows: "(e) When an article, equipment, controlled substance, conveyance, or other property is seized under this article, the sheriff, drug agent, or law enforcement officer seizing the same shall report the fact of seizure, within ten days thereof, to the district attorney of the judicial circuit having jurisdiction in the county where the seizure was made. Within 30 days from the date he receives notice of the seizure, the district attorney of the judicial circuit, or the director on his behalf shall cause to be filed in the superior court of the county in which the property is seized or detained an action for condemnation of such property as provided for in this Code section."

This court has previously held that there can be no lawful forfeiture of the seized property absent compliance with the requirement that the condemnation action be filed within 30 days after the district attorney receives notice of the seizure. See *State of Ga. v. Ellis*, 156 Ga. App. 779 (1) (275 SE2d 361) (1980). As it appears without dispute from the record that the district attorney had at least constructive notice of the seizure in this case on the date it occurred, and as the condemnation petition was not filed for more than 30 days thereafter, it follows that the trial court did not err in granting the appellee's motion for summary judgment.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JANUARY 14, 1985.

*Robert E. Keller, District Attorney, William L. McKinnon, Jr., Assistant District Attorney*, for appellant.
*Steven E. Lister*, for appellee.