73552. STATE OF GEORGIA v. VURGESS.
(356 SE2d 273)

BEASLEY, Judge.

On January 15, 1986, pursuant to a search warrant, a detective of the Chatham County Police Department searched an apartment and seized stolen goods, drugs and $7,442 in cash. On February 20, the state petitioned to condemn the money pursuant to OCGA § 16-13-49. The money was claimed to belong to appellee Frank Vurgess. After a bench trial, the court entered judgment on July 31 for appellee and dismissed the petition.

Four days later appellee's attorney obtained the money from the custodian, based on the order. The state filed its notice of appeal on August 28. Appellee has moved this court to dismiss the appeal as

moot.

1. The first question is whether the appeal from dismissal of the state's action for condemnation of money seized in a drug search must be dismissed because the state failed "to obtain a supersedeas" prior to the custodian's paying out the money to defendant.

The condemnation proceeding provided for in OCGA § 16-13-49 is civil in nature. It resolves the disposition of property seized in connection with the enforcement of the criminal laws concerning controlled substances and marijuana. The statute is silent as to the mechanics of appeal when either the state or the defendant in the underlying criminal case or any other party to the proceeding is dissatisfied with the ruling of the trial court.

The law provides a right of appeal generally. OCGA § 5-6-33. It is taken by filing a notice of appeal within 30 days after entry of the appealable decision or judgment. OCGA § 5-6-38. The Appellate Practice Act, which the court applies in this case, provides that the notice of appeal shall serve as supersedeas on payment of costs, and a supersedeas bond is not necessary unless the appellee moves for one; then the trial court must set the amount. OCGA § 5-6-46 (a).

By enforcing the trial court's order of dismissal at once rather than waiting for the 30-day appeal period to expire, appellee has sought to deprive the state of its right of appeal. There is no requirement in the condemnation statute nor in the Appellate Practice Act for the losing party to file the notice of appeal immediately upon the entry of the judgment or suffer the possibility of mootness. Nor is there a requirement that a stay be obtained or a bond be posted while the losing party decides whether to appeal. Even where a supersedeas bond is required but not posted, the severe sanction of dismissal is not in order. *Hawn v. Chastain*, 246 Ga. 723 (273 SE2d 135) (1980).

As there said: "The cases uniformly hold that the failure to post a supersedeas bond neither mandates nor permits dismissal of an appeal but simply allows the prevailing party (the appellee) to enforce the judgment pending appeal. As noted in *Defee v. Williams*, 114 Ga. App. 571, 572 (151 SE2d 923) (1966): 'The proviso . . . requiring a supersedeas bond on motion of an appellee to the trial court is intended to prevent the notice of appeal from serving as a supersedeas, and does not operate as a condition precedent to deprive an appellant of his right to have his appeal transmitted to the appellate court for review. In the absence of such bond as may be required by the appropriate court the appellee is free to enforce the judgment *at his peril* pending decision on appeal.' " Id. at 725.

If dismissal for failure to post a supersedeas bond which has been ordered is not warranted and the right of review remains unaffected, then certainly this ultimate sanction is not justified when a losing party in a drug-related forfeiture proceeding fails to take affirmative

action to prevent enforcement of the complained-of judgment prior to the expiration of the 30-day period for filing a notice of appeal. The result of the prevailing party's enforcement before the time expires is the assumption of the risk that the property may have to be returned, after the appeal is heard on its merits.

Cases which were regarded as mooted on appeal involved injunctive action regarding events which then transpired before the appeals were heard. In those instances there is a statutory requirement for the complaining party to take affirmative action to prevent mootness. OCGA § 9-11-62.

It appears also that, if we consider the evidence submitted with the motion to dismiss, appellee violated OCGA § 9-11-62 (a). It provides that no proceedings shall be taken for the enforcement of a judgment until after 10 days from its entry. Appellee obtained the money from the custodian four days after judgment was entered.

Finally, what type of a "supersedeas" the movant claims is missing is hard to discern, since even if the state were required to secure a stay, it would not be required to post a bond, obligation, or other security. OCGA § 9-11-62 (d).

The motion to dismiss is denied.

2. The first enumeration is that the court erred in failing to dismiss the answer of appellee as untimely. It was filed 48 days after the filing of the condemnation action, whereas the statute requires it to be filed in 30 days. OCGA § 16-13-49 (e). The answer was too late and the funds should have been condemned. *Farley v. State of Ga.*, 180 Ga. App. 694 (1) (350 SE2d 263) (1986).

3. The remaining enumerations thus become moot.

*Judgment reversed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Carley and Pope, JJ., concur. Deen, P. J., also concurs specially. Sognier and Benham, JJ., dissent.*

DEEN, Presiding Judge, concurring specially.

While concurring fully with the majority opinion, I believe that it is not inappropriate to add these additional comments.

I cannot agree with the observation made in one of the dissenting opinions to the effect that the "funds are no longer in existence." We have no way of knowing at this point in time whether the particular and identical funds still exist. It may be that Vurgess still has in his possession the actual money seized, squirreled away in a safe, sock drawer, or under a mattress, or it may be that the state actually still has the money, if the officer below disbursed the $7,442 in other funds (or perhaps by check). The present problem of placing one's finger upon the exact money found in the apartment, locating the exact dollars and cents might be " 'much like trying to nail a jellyfish to the wall.' " *Sewell v. Eubanks*, 181 Ga. App. 545 (352 SE2d 802) (1987).

Nevertheless, that possible problem should not prematurely deprive the state of its right to appeal. The state's attempted appeal at this stage is neither a day late nor a dollar short.

SOGNIER, Judge, dissenting.

Appellee successfully resisted the State's libel to condemn his funds under the provisions of OCGA § 16-13-49. The trial court's order, valid on its face, dismissed the State's action. While it is true, as the majority points out, that there is no requirement in the condemnation statute nor in the Appellate Procedure Act for the losing party to file the notice of appeal immediately upon the entry of judgment, neither is there a requirement in either statute that the prevailing party wait 30 days after entry of judgment to enforce it. OCGA § 9-11-62 (a). I agree that there was a violation of OCGA § 9-11-62 (a) in this case, in that the judgment dismissing the state's libel was executed prior to the expiration of the 10-day period prescribed by that statute. However, I believe any violation of OCGA § 9-11-62 (a) is irrelevant to the decision in this case, as the notice of appeal was not filed until 28 days after entry of the order complained of. Thus, even had OCGA § 9-11-62 (a) not been violated, the State would be faced with the same problem it now faces.

It is apparent to me that the question here is not whether the appeal must be dismissed because of the State's failure to obtain a supersedeas, but rather whether the appeal is now moot. I conclude that it is. It is not failure to obtain a stay which results in depriving the State of its right to appeal, but the nature of the action itself. It is for this reason that *DeFee v. Williams*, 114 Ga. App. 571 (151 SE2d 923) (1966) is also inapposite. The funds as they existed when seized and when in the possession of appellant are no longer identifiable. While it is true that cash is, in a sense, fungible and that other funds supplied by appellee would certainly satisfy the State should it appeal and win, that result would be permissible only if the State here sought an in personam judgment against Vurgess. It is clear that is not the case. Condemnation is an in rem proceeding. *Lang v. State*, 168 Ga. App. 693, 694 (2) (310 SE2d 276) (1983). The action was brought by the State against the seized funds, and judgment was sought for those funds. As those funds are no longer in existence, any appeal of the judgment against the funds is indeed moot. I fail to see what we can obtain by making an idle declaration in this matter. For these reasons and those stated by Judge Benham, I dissent.

I am authorized to state that Judge Benham joins in this dissent.

BENHAM, Judge, dissenting.

The issue here is not, as the majority asserts, whether an appeal must be dismissed because the State failed to obtain a supersedeas

prior to the custodian's paying out the money to appellee. The issue is whether voluntary compliance with a judgment renders an appeal from that judgment moot. There is nothing in the record or in the materials relating to the motion to dismiss which suggests that appellee did anything to enforce the trial court's order. All we know is that the State complied with the trial court's judgment without waiting for an appeal. That action renders an appeal from the judgment moot. *St. Clair v. Robert A. McNeil Corp.*, 151 Ga. App. 876 (261 SE2d 782) (1979); *Willis v. Century Fin. Co.*, 149 Ga. App. 859 (256 SE2d 152) (1979).

Since the majority denies appellee's motion to dismiss the appeal and reaches the merits of the State's appeal, I must dissent.

I am authorized to state that Judge Sognier joins in this dissent.

DECIDED MARCH 20, 1987 —
REHEARING DISMISSED APRIL 3, 1987.

*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney*, for appellant.
*John B. Achord, Bruce A. Howe*, for appellee.