73999. STATE OF GEORGIA v. LUKE.
(358 SE2d 272)

BENHAM, Judge.

When appellee was arrested on March 1, 1985, cash amounting to more than $18,000 was found in his car and on his person. At a preliminary hearing on March 4, 1985, an assistant district attorney participated on appellant's behalf. During the hearing, the arresting officer testified that the money was taken from appellee's car. Copies of the incident report relating to the arrest and seizure were received by the district attorney's office on March 11, 1985. A petition for condemnation of the money seized from appellee was filed on April 5, 1985. This appeal is from the grant of summary judgment to appellee on the ground that the petition was not timely filed.

The condemnation proceeding was controlled by OCGA § 16-13-49 (e), which requires that the district attorney bring an action for condemnation within 30 days of his receipt of notice of the seizure. This court has held, as the trial court noted in its order, that the failure to comply with that time requirement prevents forfeiture. *State of Ga. v. Ellis*, 156 Ga. App. 779 (1) (275 SE2d 361) (1980). The

trial court also noted that the statute does not specifically provide for a particular mode of notice to the district attorney, that constructive knowledge of the seizure has been construed as notice sufficient to commence the running of the time period, and that an assistant district attorney was present at appellee's preliminary hearing at which testimony concerning the seizure was elicited. Based on those considerations, the trial court determined that this court's decision in *State of Ga. v. Waters*, 173 Ga. App. 274 (2) (326 SE2d 243) (1985), required the conclusion that the assistant district attorney's participation in the hearing constituted notice to the district attorney and that the petition filed in this case was, therefore, untimely. We agree.

Appellant's reliance on *O'Neal v. Spencer*, 203 Ga. 588 (47 SE2d 646) (1948), and *Lang v. State*, 168 Ga. App. 693 (4) (310 SE2d 276) (1983), for the proposition that the language of the statute is not mandatory and that, there being no penalty in the statute for noncompliance, the untimeliness of the filing of the petition does not entitle appellee to summary judgment, is misplaced. *O'Neal* deals not with condemnation, but with a statute regarding appointment of members of a board of education. *Lang* did concern the same statute, but the language on which appellant relies concerned a totally different action required by the statute. The facts of that case were that the notice and petition were timely. Neither of the cases cited by appellant requires reversal.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

Decided May 21, 1987 —
Rehearing denied June 3, 1987.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Joseph J. Drolet, Assistant District Attorneys*, for appellant.
*John W. Moulton*, for appellee.