## 76239. VURGESS v. STATE OF GEORGIA.
### (371 SE2d 191)

BEASLEY, Judge.

Pursuant to OCGA § 16-13-49, the State petitioned to condemn $7,442 in cash claimed to belong to Vurgess which had been seized along with stolen goods and drugs when a search warrant for an apartment was executed. After a bench trial, the lower court entered judgment in favor of Vurgess and dismissed the State's petition. Four days later, Vurgess' attorney obtained the money from the custodian. The State appealed the court's adverse determination. This Court reversed the trial court, holding that it erred in failing to dismiss Vurgess' answer to the condemnation petition because it was untimely and that inasmuch as the answer was filed too late the funds should have been condemned. *State of Ga. v. Vurgess*, 182 Ga. App. 544 (356 SE2d 273) (1987). The remittitur was filed with the trial court on May 15, 1987.

On June 4, Vurgess was served summons through his attorneys to appear before the trial court on June 19 at 10:00 a.m. and to pay into the court registry the $7,442 which had been condemned.

Vurgess did not come to court on June 19; instead, his attorney made a "special appearance" arguing that Vurgess had not been properly served. The court heard argument and took under advisement the matter of Vurgess' failure to comply with the summons. After submission of briefs, the court on October 30 ordered Vurgess to pay into the court registry $7,442 within ten days, from which order Vurgess appeals.

1. The State moves to dismiss the appeal on the grounds that the order appealed from is not a final judgment and that the record does not contain a certificate of immediate review. However, "even though an order does not specify that it is a grant of final judgment, it nevertheless constitutes a final judgment within the meaning of [OCGA § 5-6-34 (a) (1)] where it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court. [Cit.]" *Caswell*

*v. Caswell*, 157 Ga. App. 710 (278 SE2d 452) (1981). The State's motion is denied.

2. Appellant contends that service of the summons was defective under OCGA § 9-11-4 because his attorney was served rather than he, and that the trial court no longer exercised jurisdiction over him because the condemnation action is an in rem proceeding and "[t]he voluntary payment by the custodial agent of the state therefore concludes any action against the specific *res* and renders any action to recover the specific 'cash' moot."

OCGA § 9-11-4 governs process at the initiation of a civil action and is not applicable. Reading the word "party" to include claimants in forfeiture proceedings, the controlling statute is OCGA § 9-11-5 (b). It requires service on the attorney of pleadings and other papers subsequent to the original complaint. The determination at issue was not a new action but rather the finale in the State's suit to condemn the funds, so service on Vurgess' attorney was proper.

3. Appellant's contention that any attempt to recover the cash is rendered moot because the money was already disbursed is likewise without merit. As we quoted in the previous case, he enforced the judgment "at his peril" by doing so during the 30-day appeal period. *State of Ga. v. Vurgess*, supra at 545 (1).

Vurgess questioned the trial court's power to direct him to return the funds. As the State quite aptly observes, the condemnation action was not ended merely because Vurgess "won the race to the money before a final judgment was rendered thereon" and appeal was concluded or opportunity for the same expired. Such a rationale would cut both ways, for the State could do the same when condemnation is approved and thereby leave the owner without an effective appeal. See *State of Ga. v. Vurgess*, supra at 545 (1). There is no precedent for emasculating the right to review and correction of error in such a way. Nor did the lack of physical presence of the funds in the court's registry render the court without power to enforce the judgment. OCGA § 15-1-3 (3); Ga. Const. 1983, Art. VI, Sec. I, Par. IV. Requiring return of the condemned amount of money here merely implemented what had been judicially determined to be a valid condemnation, so that the money could be disbursed as provided by law. OCGA § 16-13-49 (f) (2).

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JUNE 8, 1988 —
REHEARING DENIED JULY 5, 1988.

*John B. Achord*, for appellant.
*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell,*

*Assistant District Attorney*, for appellee.