A91A1766. ALLMOND et al. v. STATE OF GEORGIA.
(415 SE2d 924)

COOPER, Judge.

This appeal arises out of a civil forfeiture action brought by the State pursuant to OCGA § 16-13-49 against $1,973 and a personal computer. The currency and computer were seized from Dewey Allmond, the husband and father of appellants. Appellants' sole enumeration of error is that the trial court erred in denying their motion to intervene in the forfeiture action.

The property in question was seized by an officer assigned to a local drug enforcement task force. The forfeiture complaint recited that both the currency and the computer were found in close proximity to cocaine; that they had both been used to facilitate the distribution of drugs in violation of the Georgia Controlled Substances Act; and that both were in the possession of Dewey Allmond. Several days after the forfeiture action was filed, Dewey Allmond executed a document captioned "Assignment of Interest in Pending Action," in which he purported to assign all of his interest in the currency and computer to appellants. Appellants then filed a motion to intervene, alleging an interest in the property. The trial court denied the motion on the grounds that appellants lacked standing to intervene in the forfeiture proceedings.

" '(I)t is clear that to have standing to contest a forfeiture a party must have at least some property interest in the subject matter of the condemnation proceeding.' [Cit.]" *Hill v. State of Ga.*, 178 Ga. App. 563, 565 (2) (343 SE2d 776) (1986). Appellants contend that they have an interest in the seized property by virtue of the assignment as well as an equitable interest due to the duty to support owed to them by Dewey Allmond. Since the forfeiture statute at OCGA § 16-13-49 does not address the specific situation presented by this case, we must construe the meaning of the statute as it applies to a condemnee's attempt to assign the property after its seizure by the State. "This court has . . . held that the forfeiture statute must be strictly construed. [Cit.] With these principles in mind we find that, with respect to the issues at hand, the statute sets out and balances two legislative intentions: (1) the prompt disposition of property subject to forfeiture under the statute (*State v. Britt Caribe, Ltd.*, 154 Ga. App. 476, 477 (268 SE2d 702) (1980)); and (2) the protection of property interests of innocent owners as defined by the statute. [Cit.] Our task is to apply the statute in a manner that gives effect to those balanced intentions." *State of Ga. v. Jackson*, 197 Ga. App. 619, 620-621 (1) (399 SE2d 88) (1990).

We cannot conclude that the legislature, in enacting OCGA § 16-13-49, intended that property owners of seized property be allowed to execute a post-seizure assignment of that property to a third party. In fact, the amended statute, which was not effective at the time of the forfeiture in this case, provides that "[p]roperty taken or detained under this Code section is not subject to replevin, *conveyance*, sequestration, or attachment." (Emphasis supplied.) OCGA § 16-13-49 (k), as amended effective July 1, 1991. Nor do we find any merit in appellants' argument that they have an interest in the property resulting from the family relationship and the duty of support owed to them by Dewey Allmond. We find no support for appellants' argument in OCGA § 16-13-49 and will not interpret the statute in such a way as to allow persons to claim an interest in the property due to a debt or duty owed to them by the property owner. To do so would not give effect to the statute's intent to balance the interests of innocent property owners against the State's need to promptly dispose of forfeited property. Accordingly, we find no error in the trial court's denial of appellants' motion to intervene.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 19, 1992.

*Harriss, Hartman, Aaron, Wharton & Boyd, John L. O'Dell*, for appellants.

*Ralph L. Van Pelt, Jr., District Attorney, Ronald M. Adams, As-*

sistant District Attorney, for appellee.