A92A1573. HENDERSON et al. v. STATE OF GEORGIA.
(422 SE2d 666)

McMurray, Presiding Judge.

This is a case of first impression. At issue, is the interpretation to be given to the language setting forth the time requirement in OCGA § 16-13-49 (o) (5). The trial court denied appellants' motion to dismiss this condemnation proceeding, ruling that the time requirement set forth in OCGA § 16-13-49 (o) (5) is directory.

On September 13, 1991, the district attorney brought an in rem condemnation proceeding against property seized in a drug raid. Appellants filed answers to the complaint on October 17, 1991. The trial court held a hearing without a jury on February 26, 1992. Because the hearing was not held within 60 days after service of the complaint, appellants moved to dismiss the proceeding. The trial court denied the motion and ordered that certain property be forfeited to the State. This appeal followed. *Held*:

OCGA § 16-13-49 (o) (5) provides that a hearing "must" be held within 60 days of service after the complaint unless a continuance is granted for "good cause." Appellants contend that this language is *mandatory* and that the State's failure to comply with the 60 days time requirement brought the proceeding to an end. The State asserts that this language is *directory* and that its failure to comply with the 60-days time requirement carried no consequences whatsoever.

We focus our inquiry on the legislature's use of the word "must." Did the legislature intend for the 60 days time requirement to be mandatory or directory? We think the legislature used the word "must" as *a command*, not a direction.

Ordinarily, the word "must" is synonymous with the word "shall," Black's Law Dictionary 1019 (6th ed. 1990), and our courts have used these words interchangeably. See, e.g., *Georgia, Fla. &c. R. Co. v. Sasser*, 130 Ga. 394, 395 (60 SE 997); *Birdsong & Sledge v. Brooks*, 7 Ga. 88, 89 (1849); *Alewine v. State*, 103 Ga. App. 120 (118 SE2d 499); *Bass v. Doughty*, 5 Ga. App. 458, 460 (63 SE 516). Thus, in *Birdsong & Sledge v. Brooks*, 7 Ga. 88, supra, the Supreme Court held that with regard to the filing of declarations in attachment, a "may be filed at the first term" statute, was to be construed as a "must" or "shall" be filed at first term statute. In so holding, the Court reasoned: "The public interest requires that all suits in our Courts should be determined as speedily as possible, and the interest of the party, whose property is seized under the process of attachment, also requires that there should be no delay on the part of the

plaintiff in the attachment, in filing his declaration founded thereon. The true rule for the construction of the word *may* in a Statute is, that when such Statute concerns the public interest, or affects the rights of third persons, then, the word *may*, shall be construed to mean *must* or *shall.*" Id. at 89.

If the word "may" is to be given a mandatory construction when a statute concerns the public interest or affects the rights of third persons, then, a fortiori, the word "must" is to be given a mandatory construction when it is used in such a statute. OCGA § 16-13-49 (o) (5) concerns the public interest and affects the rights of third persons just as the statute in *Birdsong & Sledge v. Brooks*, 7 Ga. 88, supra, did. Each statute involves the seizure of property. With regard to each statute, the public interest is the speedy resolution of cases in the courts; the private interest is the speedy resolution of property rights.

We hold that the legislature used the word "must" in OCGA § 16-13-49 (o) (5) *to mandate* a speedy resolution of in rem condemnation cases. The trial court erred in ruling otherwise.

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 11, 1992 —
RECONSIDERATION DENIED SEPTEMBER 23, 1992 — 

*Christopher G. Nicholson, Hawk, Hawk & Lyons, Victor Hawk,* for appellants.

*Michael C. Eubanks, District Attorney, Richard E. Thomas, Assistant District Attorney,* for appellee.