S93G0044. THE STATE v. HENDERSON et al.
(436 SE2d 209)

HUNT, Presiding Justice.

We granted certiorari to the Court of Appeals in *Henderson v. State*, 205 Ga. App. 542 (422 SE2d 666) (1992) to determine whether the requirement in OCGA § 16-13-49 (o) (5) regarding the time for hearings in forfeiture proceedings against controlled substances is mandatory or directory.[1] The Court of Appeals held the statutory

---

[1] The same issue is raised in another case pending in this court, *State v. Alford,* ___ Ga. ___ (Case No. S93G1303), on certiorari from *Alford v. State,* 208 Ga. App. 595 (431 SE2d

provision mandatory, reversing the trial court's denial of the defendants' motion to dismiss.[2] We affirm.

The district attorney brought an in rem condemnation proceeding against property seized in a drug raid, and Henderson and Hatcher, as owners or interest holders in the property, filed timely answers within 30 days after they had been served with the complaint. See OCGA § 16-13-49 (o) (3). The trial court held a hearing five months after service of the complaint, and Henderson and Hatcher moved to dismiss the proceeding because the hearing was not held within sixty days under OCGA § 16-13-49 (o) (5) which provides:

> If an answer is filed, a hearing must be held within 60 days after service of the complaint unless continued for good cause and must be held by the court without a jury.

The trial court denied the motion and ordered that certain of the property be forfeited to the state. The Court of Appeals reversed.

Several rules of statutory construction are applicable. Because it is a special statutory proceeding, we are required to strictly construe the forfeiture statute. See *Hill v. State*, 178 Ga. App. 563, 565 (2) (343 SE2d 776) (1986); *Lang v. State*, 168 Ga. App. 693, 695 (4) (310 SE2d 276) (1983).[3] In interpreting the statute, we look to the intent of the legislature and construe the statute to effect that intent. *City of Roswell v. City of Atlanta*, 261 Ga. 657 (1) (410 SE2d 28) (1991). We are also required to give words, except those of art, their ordinary significance. Id.; OCGA § 1-3-1 (b).

The current forfeiture statute took effect on July 1, 1991, and there are few appellate decisions construing it. The paragraph under consideration has no counterpart in the previous statute. The 60-day time limit for hearings is a part of a new provision requiring that such hearings be held by a judge without a jury.[4] This new provision states that where an answer has been filed, hearings "must" be held within

393) (1993).

[2] The state argues that Henderson and Hatcher waived any right to insist on strict compliance with OCGA § 16-13-49 (o) (5) because their answers were not in compliance with the provisions of OCGA § 16-13-49 (o) (3). The Court of Appeals did not address this issue, nor do we in this appeal. Of course, if no answer is filed, no hearing is required, and the court is required to order the disposition of the seized property. OCGA § 16-13-49 (o) (4). Obviously, the 60-day requirement is conditioned on the filing of a timely and sufficient answer.

[3] The statute specifically provides that it must be liberally construed to effectuate its remedial purpose. OCGA § 16-13-49 (z). Although we construe this statute strictly, our holding in this case also comports with the remedial purposes of the statute. See infra.

[4] In *Swails v. State*, 263 Ga. 276 (431 SE2d 101) (1993), we upheld the provision of the new statute regarding trials before a judge without a jury against an attack that the provision violated the federal and state constitutional rights to trial by jury.

60 days of service of a complaint.

In examining the legislative intent behind the new statute, we note that, with regard to the predecessor statute, the Court of Appeals consistently has held the time limits contained therein to be mandatory. See, e.g., *State of Ga. v. Vurgess*, 182 Ga. App. 544, 546 (2) (356 SE2d 273) (1987) (construing prior OCGA § 16-13-49 (e) requiring that an answer be filed within 30 days of the filing of a condemnation proceeding, and, if no such answer is filed, the court "shall" order the disposition of the seized merchandize); *State of Ga. v. Luke*, 183 Ga. App. 182 (358 SE2d 272) (1987) and *State of Ga. v. Waters*, 173 Ga. App. 274, 275 (2) (326 SE2d 243) (1985) (construing former OCGA § 16-13-49 (e) which provided that the district attorney "shall" bring an action within 30 days of the receipt of notice of seizure). In enacting the new statute, although the legislature altered some of the time limits contained therein, the legislature did not choose to change the language regarding time limits to specify that those limits are directory rather than mandatory.[5]

As pointed out by the Court of Appeals, the plain meaning of "must" is a command, synonymous with "shall." *Henderson v. State*, supra. See also *Allmond v. State*, 202 Ga. App. 902, 903 (415 SE2d 924) (1992); *Hubbard v. State*, 201 Ga. 213, 214 (1) (411 SE2d 44) (1991). See *Ga., Fla. &c. R. Co. v. Sasser*, 130 Ga. 394, 395 (60 SE 997) (1908); *Birdsong & Sledge v. Brooks*, 7 Ga. 88, 89 (1849); *Alewine v. State*, 103 Ga. App. 120, 122 (118 SE2d 499) (1961); *Bass v. Doughty*, 5 Ga. App. 458, 460 (63 SE 516) (1908).[6] A mandatory construction of "must" as used in OCGA § 16-13-49 (o) (5) is consistent in context with the remainder of this paragraph which provides that the 60-day requirement may be "continued for good cause." If the 60-day requirement were directory, rather than mandatory, there would be no need for a "good cause" continuance. Moreover, our con-

---

[5] E.g., the previous statute required that the district attorney "shall" file a condemnation proceeding within 30 days of his receipt of notice of seizure (prior OCGA § 16-13-49 (e)). The current statute, OCGA § 16-13-49 (h) (2), provides that a complaint for forfeiture "shall" be initiated within sixty days from the date of seizure; previous OCGA § 16-13-49 (e) required that the seizing officer "shall" report the fact of seizure to a district attorney within ten days; the current OCGA § 16-13-49 (h) (1) provides that the law enforcement officer "shall" report the fact of seizure to a district attorney within twenty days.

[6] The state points to a line of cases which hold that where a statute directs the doing of a thing in a certain time, without negative words restraining the doing of that action, generally the time provision is directory, rather than mandatory, and failure to meet the time requirement will not render the action invalid if the action is performed outside the time limit. See, e.g., *Hopping v. Cobb County Fair Assn.*, 222 Ga. 704, 705 (2) (152 SE2d 356) (1966); *O'Neal v. Spencer*, 203 Ga. 588 (2) (47 SE2d 646) (1948); *Willcox v. Beechwood Band Mill Co.*, 166 Ga. 367 (143 SE 405) (1928); *Lang v. State*, 168 Ga. App. 693 (310 SE2d 276) (1983). However, that proposition has been specifically rejected in construing the time requirements in the previous forfeiture statute. *State of Ga. v. Luke*, supra. See also *State of Ga. v. Vurgess*, supra; *State of Ga. v. Waters*, supra.

struction of OCGA § 16-13-49 (o) (5) as mandatory, rather than directory, is consistent with the apparent purpose of that paragraph, which is to ensure a speedy resolution of contested forfeiture cases in the courts, as well as a speedy resolution of property rights. *Henderson v. State*, supra, 205 Ga. App. at 543. See also *Allmond v. State*, supra; *Hubbard v. State*, supra; see also *Sanchez v. Family &c. Svcs.*, 237 Ga. 406, 410 (229 SE2d 66) (1976) construing a provision regarding a time limit for a hearing under the Juvenile Code (OCGA § 15-11-21 (c) (1)) to be mandatory notwithstanding the general rule to the contrary, because failure to comply would prejudice the parents' rights to possession of the child.

Accordingly, because we agree with the Court of Appeals that the legislature used the word "must" in OCGA § 16-13-49 (o) (5) to mandate a hearing within 60 days after service of the complaint (unless continued for good cause),[7] we affirm that court's reversal of the trial court.

*Judgment affirmed. All the Justices concur, except Fletcher and Carley, JJ., who concur specially.*

CARLEY, Justice, concurring specially.

OCGA § 16-13-49 (o) (5) provides, in relevant part, that, "[i]f an answer is filed, a [forfeiture] hearing must be held within 60 days after service of the complaint unless continued for good cause. . . ." The issue presented for resolution in the instant case is whether this statutorily prescribed 60-day time limit is mandatory or directory. Other statutorily prescribed time limits in the forfeiture statute have been construed as mandatory rather than directory. See *State of Ga. v. Luke*, 183 Ga. App. 182 (358 SE2d 272) (1987); *State of Ga. v. Vurgess*, 182 Ga. App. 544 (356 SE2d 273) (1987); *State of Ga. v. Waters*, 173 Ga. App. 274 (326 SE2d 243) (1985). However, OCGA § 16-13-49 (o) (5) has *never* been previously construed and the issue of whether, in the absence of a continuance, a forfeiture *hearing* may validly be held more than 60 days after service of the complaint is, therefore, one "of first impression." *Henderson v. State of Ga.*, 205 Ga. App. 542 (422 SE2d 666) (1992).

Although the issue may be one of first impression, the applicable rule of statutory construction is one of long-standing.

" '[L]anguage contained in a statute which . . . commands

---

[7] Although a respondent *may* seek a continuance of a hearing, it is the duty of the state to obtain a continuance if it does not invoke a hearing within the 60-day period or otherwise avoid the necessity of the hearing, e.g., by obtaining a dismissal of an answer. Of course, the trial court may continue the hearing on its own, for good cause, without a motion by either party.

the doing of a thing within a certain time, when not accompanied by any negative words restraining the doing of the thing afterward, will generally be construed as merely directory and not as a limitation of authority, and this is especially so where no injury appeared to have resulted from the fact that the thing was done after the time limited by the plain wording of the Act.' [Cits.] . . . 'A statutory provision is generally regarded as directory where a failure of performance will result in no injury or prejudice to the substantial rights of interested persons, and as mandatory where such injury or prejudice will result.' "

*Sanchez v. Walker County Dept. of Family &c. Svcs.*, 237 Ga. 406, 410 (229 SE2d 66) (1976) (construing a statutorily prescribed time limit within which the juvenile court is authorized to hold a hearing in connection with an allegedly deprived child).

OCGA § 16-13-49 (o) (5) provides that the forfeiture hearing "must" be held within 60 days after service of the complaint unless continued for good cause. "Must" is certainly generally considered to be a word of command, synonymous with "shall." When employed in connection with a statutorily prescribed time limit, however, a word of command is generally construed to be *directory* " 'when not accompanied by any negative words restraining the doing of the thing afterward. . . .' [Cits.]" *Sanchez v. Walker County Dept. of Family &c. Svcs.*, supra at 410. In OCGA § 16-13-49 (o) (5), there are no "negative words" precluding the holding of the forfeiture hearing more than 60 days after service of the complaint. Accordingly, the mere employment of the word "must" in that statute does not compel a construction of the 60-day time limit as mandatory.

Likewise, however, the mere lack of "negative words" precluding the holding of a forfeiture hearing more than 60 days after service of the complaint does not compel a construction of the 60-day time limit as directory. Although a statutory time limit expressed in words of command unaccompanied by negative words of limitation is *generally* regarded as directory, there is an exception. Such a statutory time limit is to be construed as mandatory if the failure to comply can be said to result in " 'injury or prejudice to the substantial rights of interested persons. . . .' " *Sanchez v. Walker County Dept. of Family &c. Svcs.*, supra at 410. Accordingly, the appropriate construction of OCGA § 16-13-49 (o) (5) as mandatory or directory is ultimately dependent upon the determination of whether the failure to hold the forfeiture hearing within the statutorily prescribed 60 days injures or prejudices the substantial rights of interested persons. See *Butler v. State*, 207 Ga. App. 824 (429 SE2d 280) (1993).

Applying this applicable rule of statutory construction, compli-

ance with OCGA § 16-13-49 (o) (5) must be construed as mandatory rather than directory. A failure to comply with the statutorily prescribed 60-day time limit "does prejudice or injure the rights of the [claimant], primarily the right to possession of the [seized property]." *Sanchez v. Walker County Dept. of Family &c. Svcs.*, supra at 410. The forfeiture

> statute sets out and balances two legislative intentions: (1) the *prompt disposition* of property subject to forfeiture under the statute ([cit.]); and (2) the *protection of property interests* of innocent owners, as defined by the statute. [Cit.]

(Emphasis supplied.) *State of Ga. v. Jackson*, 197 Ga. App. 619, 621 (1) (399 SE2d 88) (1990).

> The public interest requires that all suits in our Courts should be determined as speedily as possible, and the interest of the party, whose property is seized . . ., also requires that there should be no delay on the part of the [trial court], in [conducting the forfeiture hearing].

*Birdsong & Sledge v. Brooks*, 7 Ga. 88, 89 (1849) (cited and relied upon by the Court of Appeals as authority in the instant case).

Accordingly, I concur in the majority's construction of OCGA § 16-13-49 (o) (5) as mandatory, since the claimant's right to possession of his seized property is prejudiced if the forfeiture hearing is delayed, without continuance for good cause, beyond the 60 days within which the state is otherwise statutorily authorized to withhold the claimant's property from him. *Sanchez v. Walker County Dept. of Family &c. Svcs.*, supra; *Birdsong & Sledge v. Brooks*, supra. Compare *Hopping v. Cobb County Fair Assn.*, 222 Ga. 704, 706 (2) (152 SE2d 356) (1966); *Butler v. State*, supra; *Israel v. Cofer*, 152 Ga. App. 248 (3) (262 SE2d 545) (1979).

I am authorized to state that Justice Fletcher joins in this special concurrence.

DECIDED NOVEMBER 8, 1993.

*Michael C. Eubanks*, District Attorney, *Richard E. Thomas, Daniel W. Hamilton*, Assistant District Attorneys, for appellant.

*Hawk, Hawk & Lyons, Victor Hawk, Christopher G. Nicholson, Groover & Childs, Denmark Groover, Jr.*, for appellees.

*Van C. Wilks*, amicus curiae.