A98A0783. BOONE v. SHERIFF OF LOWNDES COUNTY.
A98A0784. BOONE v. STATE OF GEORGIA.
(502 SE2d 535)

BLACKBURN, Judge.

In these consolidated cases, Relaford Boone appeals orders finding that $54,055 in cash which he claimed to own but which was seized by and in the custody of the Lowndes County Sheriff was "abandoned" within the meaning of OCGA § 17-5-54 (a) (1). For the reasons set forth below, we reverse.

On June 28, 1995, Lowndes County Sheriff's deputies stopped a vehicle that was speeding on Interstate 75. During that traffic stop, the deputies discovered small amounts of marijuana on the driver, Frederick Griffin, and his passenger, Cedric Boone. Cedric is the appellant's son. The deputies also seized $54,055 in cash found within the vehicle. Cedric Boone said the money belonged to Griffin. Griffin denied the money was his.

On July 25, 1995, the State through the district attorney brought an in rem forfeiture action seeking to condemn the cash pursuant to OCGA § 16-13-49. Relaford Boone filed an answer, asserting an interest in the cash pursuant to OCGA § 16-13-49 (o) (3). He also asserted counterclaims alleging due process violations and an action in trover pursuant to OCGA § 44-12-150. On September 5, 1995, the State filed a dismissal and moved to dismiss the counterclaims, arguing that counterclaims are not permitted in forfeiture actions.

On September 6, 1995 — the day after the State filed its dismis-

---

[8] See id. at 737, citing *Bloch,* supra, with approval.

sal in the forfeiture action — the Sheriff of Lowndes County filed an application for an order permitting his office to keep the cash pursuant to OCGA § 17-5-54 (a) (1). The sheriff averred the cash seized was not the subject of a forfeiture proceeding in accordance with OCGA § 17-5-54 (d). Boone answered and counterclaimed on October 2, 1995. He asserted as a defense that the sheriff's action was barred by OCGA § 17-5-54 (d) because the State's forfeiture action was still pending. He also moved for summary judgment on this basis, but the motion was denied. On October 2, 1995, Boone also filed a motion for the return of the cash. The court set both motions for hearing on November 20, 1995. Prior to the hearing, Boone withdrew his counterclaims, demanding only the return of money pursuant to his claim of interest, which rendered the State's motion on the counterclaims moot. On January 16, 1996, the court, without a hearing, entered an order and final decree dismissing the forfeiture action and ordering the cash returned to Boone.

When the forfeiture court entered its order and final decree, the sheriff moved to stay the enforcement of that order pending the outcome of his case. He also amended his application, asking for a declaratory judgment determining the validity of Boone's claim to the cash. On January 24, 1996, the forfeiture court entered an order enjoining the enforcement of its final order and decree based on the pendency of the sheriff's suit. After a year-long period of discovery, the sheriff's case was set for a bench trial on January 27, 1997. On October 22, 1997, the trial court issued an order invalidating Boone's claim to the cash, finding the cash "abandoned" within the meaning of OCGA § 17-5-54, and releasing the cash to the sheriff. Based upon the outcome of the sheriff's case, on November 24, 1997, the forfeiture court entered an order vacating both its order and final decree and previous order enjoining the enforcement of the order and final decree.

### Case No. A98A0783

OCGA § 17-5-54 (d) provides that OCGA § 17-5-54 "shall not apply to [any] personal property which is the subject of forfeiture proceedings as otherwise provided by law." Although "personal property" is not defined in this Code section, the term is broad enough to include cash. See OCGA § 16-13-49 (a) (9) (" '[p]roperty' means anything of value . . . including . . . currency"). The cash at issue in the sheriff's case was the subject of a pending forfeiture proceeding when the sheriff's suit was filed. The State's filing of a dismissal did not terminate the forfeiture proceeding because Boone's claimed interest in the cash remained to be adjudicated.

Because a forfeiture proceeding "is a special statutory proceed-

ing, we are required to strictly construe the forfeiture statute. In interpreting the statute, we look to the intent of the legislature and construe the statute to effect that intent. We are also required to give words, except those of art, their ordinary significance." (Citations and footnote omitted.) *State v. Henderson*, 263 Ga. 508, 509 (436 SE2d 209) (1993). OCGA § 16-13-49 (o) (3) provides that "[a]n owner or interest holder in the property may file an answer asserting a claim against the property in the action in rem." By asserting a right to the property in this manner, the claimant commences an action concerning the validity of its interest in the property. This action, whether denominated a claim or counterclaim, is specifically authorized under the forfeiture statute. OCGA §§ 16-13-49 (o) (3); 16-13-49 (x) (4). Moreover, when the complaint for forfeiture is contested by a proper answer asserting a claim of interest, the trial court is required to adjudicate that claim of interest. For example, a hearing on the answer "must be held within 60 days after service of the complaint unless continued for good cause and must be held by the court without a jury." OCGA § 16-13-49 (o) (5). The hearing is mandatory and is intended "to ensure a speedy resolution of contested forfeiture cases in the courts, as well as a speedy resolution of property rights." *State v. Henderson*, supra at 511. Also, a court must, as the forfeiture court did in its order and decree of January 16, 1996, resolve any pending claims to the property at issue and dispose of the property according to the statute. OCGA § 16-13-49 (t). The court must also direct a losing claimant to pay reasonable costs and attorney fees incurred by the State in disproving the claim or any portion of the claim. OCGA § 16-13-49 (t) (3).

Because the forfeiture court was required to resolve Boone's claim to the cash, the forfeiture proceeding remained pending despite the State's dismissal. Therefore, the sheriff was not authorized to apply for an order disposing of the property pursuant to OCGA § 17-5-54. OCGA § 17-5-54 (d). The sheriff's application should have been dismissed.

### Case No. A98A0784

As set forth above, the State's dismissal did not terminate the forfeiture proceeding. Because a claim remained to be adjudicated, the State's dismissal acted only to dismiss any claim to the cash it would have had if the cash had been declared forfeited. See OCGA § 16-13-49 (t) (1). Upon entry of the dismissal, Boone's claim of ownership was all that remained pending before the court. Moreover, that claim was uncontested because the district attorney did not show that the cash was evidence or remained subject to any future forfeiture proceeding. Because the claim was uncontested, the trial

court did not err in ordering, without a hearing, that the property be returned to Boone. See OCGA § 16-13-49 (h) (3) and (t) (2).

Finally, because the sheriff's suit was unauthorized, neither the pendency of that suit nor the final judgment entered in it afforded a basis for staying or vacating the forfeiture court's order and final decree of January 16, 1996. Consequently, we reverse the forfeiture court's order of November 24, 1997 to the extent that it vacates the January 16, 1996 order and final decree.

*Judgments reversed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MAY 20, 1998.

*James N. Finkelstein*, for appellant.

*J. David Miller, District Attorney, Robert T. Gilchrist, Assistant District Attorney, Elliott & Blackburn, James L. Elliott*, for appellees.