STATE of Missouri, Respondent,

v.

Carlos Antoine SIMS, Appellant.

No. WD 62404.

Missouri Court of Appeals, Western District.

Dec. 2, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 27, 2004.

Daniel L. Viets, Columbia, MO, for Appellant,

Kevin M. Crane, Columbia, MO, for Respondent.

Before JOSEPH M. ELLIS, C.J., HAROLD L. LOWENSTEIN and ROBERT G. ULRICH, JJ.

ROBERT G. ULRICH, Judge.

Carlos Sims appeals the judgment of the trial court ordering the civil forfeiture of $12,155 seized by the Boone County Sheriff's Department. In his sole point on appeal, Mr. Sims claims that the trial court erred in failing to dismiss the forfeiture action because it was filed more than ten days after the prosecutor first received notice of the seizure. The judgment of the trial court is affirmed.

On Friday, October 19, 2001, detectives from the Boone County Sheriff's Department Drug Unit served a search warrant on the residence of Carlos Sims. The search of the residence produced evidence of drug trafficking. Among the items found were a large amount of U.S. currency, approximately forty-three grams of marijuana with packaging materials, a .380 caliber High Point pistol, numerous plastic bags with cocaine residue, and a small amount of crack cocaine and powder cocaine. Mr. Sims was arrested. Following Mr. Sims' arrest, Detective Jeffery Baker, the detective in charge, completed a probable cause statement, arrest and booking forms, and a report of seizure form. He faxed the probable cause statement to the

Boone County Prosecutor's Office at approximately 3:30 a.m. on Saturday morning, October 20, 2001. Because Mr. Sims bonded out of jail that same morning, Detective Baker did not contact the prosecutor's office that weekend.

On Tuesday, October 23, 2001, four days after the seizure of the currency, Detective Baker telephoned an assistant prosecutor and informed him of the seizure. He also faxed a copy of the report of seizure form that he had completed on October 20. On November 2, 2001, ten days after receiving the report of seizure, the prosecutor filed the petition for forfeiture under the Criminal Activity Forfeiture Act. §§ 513.600–.645, RSMo 2000. Mr. Sims was ultimately charged with and convicted of two counts of possession of a controlled substance and sentenced to two concurrent five-year terms of imprisonment. The forfeiture action was prosecuted to conclusion to the court without a jury, and the trial court entered its judgment in this case on January 14, 2003, ordering the forfeiture of the $12,155 found in Mr. Sims' residence. This appeal followed.

### Standard of Review

■ A judgment in a forfeiture case will be sustained on appeal, unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *State ex rel. Callahan v. Collins*, 978 S.W.2d 471, 473 (Mo.App. W.D.1998). In reviewing civil matters such as forfeitures, the appellate court views the evidence in the light most favorable to the judgment, providing all reasonable inferences to the prevailing party. *Id.*

### Point on Appeal

In this sole point on appeal, Mr. Sims claims that the trial court erred in failing to dismiss the forfeiture action. He contends that the action was not timely filed by the prosecutor after receiving notice of the seizure.

■ Forfeitures are not favored in the law and should be enforced only when both the letter and the spirit of the law authorizing the forfeiture are followed. *State v. Hampton*, 817 S.W.2d 470, 472 (Mo.App. W.D.1991)(citing *United States v. One 1936 Model Ford V–8, etc.*, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249 (1939)). Thus, forfeiture statutes are strictly construed against the state, and every word, clause, sentence, and provision of the statutes are presumed to have been intended by the legislature to have effect and be operative. *State v. Gray*, 21 S.W.3d 847, 849 (Mo.App. E.D.2000).

■ The Criminal Activity Forfeiture Act (CAFA) is a penal statute providing for forfeiture of property. *State v. Eberenz*, 805 S.W.2d 359, 360 (Mo.App. E.D. 1991). Section 513.607.1 of CAFA declares, "All property of every kind, including cash or other negotiable instruments, used or intended for use in the course of, derived from, or realized through criminal activity is subject to civil forfeiture." CAFA provides certain time limits for reporting the seizure to the prosecuting attorney and for filing a petition for forfeiture:

> Within four days of the date of seizure, such seizure shall be reported by said officer to the prosecuting attorney of the county in which the seizure is effected or the attorney general; and if in the opinion of the prosecuting attorney or attorney general forfeiture is warranted, the prosecuting attorney or attorney general shall, within ten days after receiving notice of seizure, file a petition for forfeiture.

§ 513.607.6(2), RSMo 2000. These time limits are mandatory. *Hampton,* 817 S.W.2d at 472.

■ Mr. Sims contends that the probable cause statement faxed to the prosecutor's office in the early morning hours of October 20, 2001, constituted notice of the seizure, and, thus, the prosecutor's filing of the petition thirteen days later on November 2, 2001, was untimely. In making this contention, Mr. Sims cites two Georgia cases, *State v. Luke,* 183 Ga.App. 182, 358 S.E.2d 272 (1987), and *State v. Waters,* 173 Ga.App. 274, 326 S.E.2d 243 (1985), which decided the issue of what constitutes notice of a seizure to the prosecutor. In *Luke,* the Georgia Court of Appeals held that an assistant district attorney's participation in the preliminary hearing at which testimony concerning the seizure was elicited constituted constructive notice of that seizure to the district attorney. 358 S.E.2d at 272. Similarly, in *Waters,* the court held that participation by an agent and employee of the district attorney's office in the arrest of the appellee and in the seizure and counting of the currency constituted constructive notice of that seizure to the district attorney. 326 S.E.2d at 243–44.

■ The instant case is distinguishable from the Georgia cases. The probable cause statement, completed and signed by Detective Baker, provided that the detective had probable cause to believe that Mr. Sims had committed the crime of possession of a controlled substance with intent to distribute. The statement also listed the facts to support Detective Baker's belief:

ON 10–19–01 AT APPROXIMATELY 2130 HOURS, BOONE COUNTY DEPUTIES SERVED A SEARCH WARRANT AT 1385 SONORA DR. COLUMBIA MISSOURI. DURING THE SERVICE OF THE SEARCH WARRANT, DEPUTIES FOUND APPROX-IMATELY $13000 IN U.S. CURRENCY, APPROXIMATELY 43 GRAMS OF MARIJUANA WITH PACKAGING MATERIALS, A .380 CALIBER HIGH POINT PISTOL, AND NUMEROUS PLASTIC BAGS WITH COCAINE RESIDUE. WE ALSO LOCATED A SMALL AMOUNT OF CRACK COCAINE AND POWDER COCAINE.

This statement, faxed to the prosecutor's office early on October 20, 2001, did not provide the prosecutor with constructive notice of the seizure of the currency. First, nothing in the statement indicated that the currency was seized. Additionally, the probable cause statement listed only an approximate amount of currency. A petition filed under CAFA must state, among other things, what property is sought to be forfeited. § 513.607.6(1), RSMo 2000. The purpose of the probable cause statement was to notify the prosecutor of the legal justification for Mr. Sims' arrest. The probable cause statement faxed to the prosecutor's office early on October 20, 2001, did not, therefore, constitute notice of the seizure to the prosecutor. No other evidence indicated that the prosecuting attorney had additional or independent information that the property had been seized before notice of the seizure was officially provided. Instead, the prosecutor received notice of the seizure on Tuesday, October 23, 2001, when Detective Baker telephoned the assistant prosecutor and faxed him a copy of the report of seizure, which reported the seizure and listed the specific property seized, the persons with an interest in the property, the location, date, and time of the seizure, and the arrest charges that formed the grounds for forfeiture. The prosecutor filed the forfeiture petition on November 2, 2001, ten days after receiving notice of the seizure. The petition was, therefore, timely filed. The point is denied.

The judgment of the trial court is affirmed.

JOSEPH M. ELLIS, C.J. and HAROLD L. LOWENSTEIN, J. concur.