**SECOND DIVISION**
**RICKMAN, P. J.,**
**PIPKIN and DAVIS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 28, 2025**

# In the Court of Appeals of Georgia

A22A1455. SMITH et al. v. STATE OF GEORGIA.

RICKMAN, Presiding Judge.

This appeal from an in rem civil-asset-forfeiture proceeding is before us on remand from the Supreme Court of Georgia. In *Smith v. State of Ga.*, 366 Ga. App. 815, 820 (884 SE2d 403) (2023) ("*Smith I*"), we granted the application for interlocutory appeal filed by Garrett Smith, Stacey Smith, SmithCo Recycling, LLC, and SmithCo Transfer, LLC, ("Appellants") and affirmed the trial court's order denying in part Appellants' motion to dismiss the State's amended complaint for forfeiture, their motion to strike the State's second amended complaint, their motion to dismiss the State's second amended complaint, and their motion for release of property. Our Supreme Court granted certiorari to consider (1) "whether [this Court]

erred in holding that OCGA § 9-16-12 (f)'s 60-day time period for holding a bench trial or continuing the trial for good cause in an in rem civil-asset-forfeiture case began to run when the last claimant, who was never served, filed an answer without raising the defense of insufficient service"; (2) "if [this Court] erred in holding that the intent element of theft by taking could be inferred from the allegations of the second amended complaint, and thus that the second amended complaint satisfied OCGA § 9-16-12 (a)'s requirement that the complaint allege the essential elements of the offense"; and (3) "if the second amended complaint alleged the essential elements of at least one criminal violation, assuming that it did not adequately allege the essential elements of theft by taking." *Smith v. State of Ga.*, 319 Ga. 352, 352-353 (903 SE2d 878) (2024) ("*Smith II*").

The Supreme Court vacated Division 3 of our decision, without expressing any opinion as to whether this Court correctly interpreted OCGA § 9-16-12 (f), and concluded that "Appellants are estopped from arguing that the trial court or [this Court] erred in equating the date that SmithCo Transfer answered the complaint with the date that SmithCo Transfer was served." *Smith II*, 319 Ga. at 360 (2). The Supreme Court also concluded that "the second amended complaint failed to

adequately allege theft by taking" and reversed this Court's conclusion to the contrary. Id. at 366 (3) (b). The Supreme Court noted that neither the trial court nor this Court addressed whether the second amended complaint adequately alleged the essential elements of any criminal offense other than theft by taking, declined to make such a determination itself, and remanded for further proceedings consistent with its opinion. Id. at 367 (4). Accordingly, we vacate Divisions 2 and 3 of our opinion, adopt the Supreme Court's opinion as our own with respect to those divisions, and address whether the second amended complaint adequately alleged the essential elements of any criminal offense other than theft by taking. Division 1 of our opinion was not affected by the Supreme Court's decision and thus remains in effect. See *Shadix v. Carroll County*, 274 Ga. 560, 563-564 (1) (554 SE2d 465) (2001). For the reasons that follow, we reverse.

> As set forth in the Supreme Court's opinion, the record shows that
>
> In the second amended complaint, the State alleged that SmithCo Recycling and SmithCo Transfer were companies conducting business in Georgia, and that Garrett Smith and Stacey Smith were involved in the day-to-day business and operations of both companies as co-owners, registered agents, or managing members. The State further alleged that, on various occasions, SmithCo Recycling, through its owners or agents,

3

purchased catalytic converters or other regulated metals that they "knew or should have known were stolen"; that Garrett Smith enlisted third parties to purchase scrap vehicles or stolen catalytic converters for resale to SmithCo Recycling; that a SmithCo Recyling employee stole roll-off containers and sold them to SmithCo Recycling; that purchase transactions were completed "without the requisite documentation"; and that SmithCo Recycling failed to report certain purchase transactions to the Georgia Bureau of Investigation ("GBI"). Based on different combinations of these allegations, the State alleged violations of numerous statutes, including OCGA § 10-1-351 (regulating the purchase of coils, copper wire, and catalytic converters), OCGA § 10-1-353 (requiring secondary metals recyclers to maintain records of purchase transactions), OCGA § 10-1-359.1 (requiring registration of secondary metals recyclers), OCGA § 10-1-359.5 (requiring secondary metals recyclers to provide purchase-transaction information to the GBI), OCGA § 40-3-36 (regulating the disposal of vehicles), OCGA § 16-4-8 (conspiracy to commit a crime), OCGA § 16-8-2 (theft by taking), OCGA § 16-8-4 (theft by conversion), OCGA § 16-8-7 (theft by receiving stolen property), OCGA § 16-8-83 (chop shop offenses), and OCGA § 16-14-4 (Racketeer Influenced and Corrupt Organizations Act offenses).

*Smith II*, 319 Ga. at 354 (1).

In actions in rem, the complaint must "allege the essential elements of the criminal violation which is claimed to exist[.]" OCGA § 9-16-12 (a). "Because it is a

4

special statutory proceeding, we are required to strictly construe the forfeiture statute." *State v. Henderson*, 263 Ga. 508, 509 (436 SE2d 209) (1993) (construing former forfeiture statute). Although the State's second amended complaint alleges violations of a number of statutes, it does not allege the *essential elements* of any criminal violation as required by OCGA § 9-16-12 (a). For example, the second amended complaint alleges that SmithCo Recycling bought catalytic converters in violation of OCGA § 16-8-4 (theft by conversion). Under OCGA § 16-8-4 (a), "[t]heft by conversion occurs when a person, having lawfully obtained funds or other property of another . . . under an agreement or other known legal obligation to make a specified application of such funds or a specified disposition of such property, . . . knowingly converts the funds or property to his own use in violation of the agreement or legal obligation." (Citation and punctuation omitted.) *Benevolent Lodge No. 3 v. Davis*, 365 Ga. App. 564, 570 (1) (878 SE2d 760) (2022). The second amended complaint does not allege any of the essential elements of OCGA § 16-8-4. Similarly, the second amended complaint claims that SmithCo Recycling purchased bright copper, burned copper, and air condition coils in violation of OCGA § 10-1-351 (a) and OCGA § 10-1-351 (b), but does not allege the essential elements of those claimed violations.

The second amended complaint claims numerous violations of OCGA § 16-8-7 (theft by receiving stolen property). OCGA § 16-8-7 provides, in pertinent part, that "[a] person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner." The essential elements of OCGA § 16-8-7 (a) are "that the defendant received, disposed of, or retained stolen property and knew or should have known that the property was stolen [with a] lack of intent to restore the property to its rightful owner[.]" *Pender v. State*, 311 Ga. 98, 104 (1) (a) (856 SE2d 302) (2021). Although the second amended complaint alleges that SmithCo Recyling, "by its owners or authorized agents," purchased various items that "they knew or should have known were stolen" in violation of OCGA § 16-8-7, the second amended complaint does not include any allegation that SmithCo Recyling purchased the stolen property without the intent to restore the property to its rightful owner. Thus, the second amended complaint did not allege the essential elements of OCGA § 16-8-7. See *Pender*, 311 Ga. at 104 (1) (a).

The second amended complaint does not allege the essential elements of any criminal violation which is claimed to exist. Strictly construing OCGA § 9-16-12 (a), which we are obligated to do, see *Henderson*, 263 Ga. at 509, we conclude that the second amended complaint fails to meet the pleading requirements of OCGA § 9-16-12 (a), and the trial court erred in failing to dismiss the second amended complaint.

*Judgment reversed. Pipkin and Davis, JJ., concur.*