### 45030. MASONRY STANDARDS, INC. et al. v. UPS TRUCK LEASING, INC.

(363 SE2d 553)

HUNT, Justice.

UPS Truck Leasing, Inc. filed a complaint against Masonry Standards, Inc., Masonry Contractors, Inc. and W. R. Amason. Based on the jury's verdict, the trial court entered judgment against all three defendants jointly and severally. Amason appeals, contending the trial court improperly instructed the jury to return against him any verdict it might return against the corporate defendants. We reverse.

Amason's attorney had originally informed the attorney for UPS that Amason need not be subpoenaed as a witness since he would be present for the trial. The day preceding the trial, however, Amason's attorney advised both the court and the UPS counsel that, despite earlier assurances, his client was out of state. The judge then told Amason's attorney that if Amason failed to appear for trial, he would instruct the jury that any verdict it might return in favor of the plaintiff would be considered a judgment against all three defendants. Amason did not appear at trial, and consequently, at the case's conclusion, the judge submitted to the jury a verdict form requiring any verdict in favor of the plaintiff be against Amason as well as against the corporate defendants jointly and severally. It is uncontroverted that the trial court's instruction to the jury, submitted *via* the verdict form, permitted a verdict against Amason without consideration of any evidence regarding his liability.

The court had no authority to apply the sanction imposed on Amason for his failure to appear at trial. In making its decision, the court apparently relied upon Uniform Superior Court Rule 10.4. That rule, however, provides that only the judge may excuse a party, witness, or counsel from the courtroom during a proceeding. It does not *require* that a party appear in court, nor does it *authorize* the trial

court to impose sanctions for a party's failure to do so.[1] For its part, UPS relies upon OCGA § 24-3-36 regarding admission by silence or acquiescence and OCGA § 24-4-9, providing that facts may be inferred from a failure to offer evidence within a party's power. But even if those code sections should have been charged, they, like the aforementioned Rule 10.4, provide no authority for the trial court's actions in this case.

Accordingly, the judgment against Amason is reversed, and this case is remanded with direction that he be granted a new trial.

*Judgment against defendant Amason reversed and remanded with direction. All the Justices concur.*

DECIDED JANUARY 21, 1988.

*Arnold S. Kaye, Frank K. Haley,* for appellants.
*Hart & Sullivan, John E. Hall, Jr., R. Jerry Kirkpatrick,* for appellee.

---

[1] We recognize the hardship imposed on a party, such as the plaintiff, who reasonably relies on his opponent's guarantee that a crucial witness will be present at trial. An appropriate remedy in this case might have been a grant to the plaintiff of a continuance of sufficient time to subpoena the witness to trial.