A89A1233. CHAPMAN v. AVCO FINANCIAL SERVICES LEASING COMPANY.

(387 SE2d 391)

POPE, Judge.

Decorative Designs, Inc., entered into an agreement, referred to throughout as a lease, with the predecessor in interest to plaintiff Avco Financial Services Leasing Company for the rental of business equipment. Defendant Paul Chapman signed a personal guarantee of performance by lessee Decorative Designs, Inc. When the lessee defaulted in rental payments plaintiff brought suit against defendant to collect the unpaid balance of payments due under the lease. Defendant appeals the judgment entered in favor of plaintiff pursuant to a bench trial.

1. Plaintiff called defendant as a witness and relied upon his testimony to establish a prima facie showing of the amount due under the agreement and that defendant was guarantor of the agreement. Plaintiff did not subpoena defendant and did not rely upon a representation that defendant would be called to trial by the defense because no pre-trial order was entered in the case. The record shows defendant did attend trial but absented himself from the courtroom before plaintiff called him as a witness. Defendant's attorney argued his client could not be compelled to testify since he was not subpoenaed by plaintiff and because, at the time he was called, he had voluntarily waived his right to be present at trial. The record further shows that the defendant was just outside the courtroom in the hall

of the courthouse and the trial judge ordered him to return to the courtroom to testify. Defendant argues the trial court erred in compelling him to testify and without defendant's own testimony he was entitled to judgment in his favor fcr plaintiff's failure to present evidence of his prima facie case.

It is true that a party in a civil action may choose not to be present at the trial of the case and to be represented solely by counsel. See *Burkhalter v. Durrence*, 93 Ga. App. 374 (91 SE2d 774) (1956). However, in this case defendant did exercise his right to be present by appearing with his counsel in the courtroom at the trial. "During the course of a proceeding no one except the judge may excuse from the courtroom a party, a witness (including one who has testified), or counsel." Uniform State Court Rule 10.4. The judge properly exercised his authority in ordering defendant to return to the courtroom. Once back inside, he asserted no valid privilege against testifying and was properly compelled to testify as a witness called by plaintiff.

2. The trial court based its judgment upon a finding that the written agreement was a true lease. We reject defendant's argument that the court erred in failing to find that the agreement was actually a disguised security agreement for the sale of the equipment.

"Unless a lease or consignment is intended as security, reservation of title thereunder is not a 'security interest' . . . . Whether a lease is intended as security is to be determined by the facts of each case; however, (a) the inclusion of an option to purchase does not of itself make the lease one intended for security, and (b) an agreement that upon compliance with the terms of the lease, the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security." OCGA § 11-1-201 (37). In this case the terms of the lease did reserve title in the lessor and acknowledged the lessee's option to purchase the equipment at the end of the lease in that it required the lessee to give written notice of its "desire to negotiate a purchase of the equipment" at least 60 days before the expiration of the lease. However, the written lease did not provide for ownership at the expiration of the lease for no additional consideration or for nominal consideration. Consequently, the lease was not as a matter of law a security agreement.

Defendant testified he was told by a representative of the lessor that the equipment could be purchased for a nominal sum at the expiration of the lease. However, the written lease did not provide for ownership for nominal consideration. Instead it granted lessee the option "to negotiate a purchase . . . ." We interpret this language to mean the equipment would be sold at the lessee's option at a negotiated market value. The lease contained a stipulation that the document constituted the entire agreement between the parties. Conse-

quently, defendant's testimony was ineffectual, as parole evidence, to vary the terms of the written agreement. See *Cleghorn v. Shields*, 165 Ga. 362 (2) (141 SE 55) (1927).

In this case, the lessor was not in the equipment business but purchased the equipment from a supplier. The lease required the lessee to maintain insurance and to be responsible for taxes and necessary repairs. These factors are indicative of a conditional sale. See *Litton Indus. Credit Corp. v. Lunceford*, 175 Ga. App. 445 (2) (333 SE2d 373) (1985); *Ford Motor Credit Co. v. Dowdy*, 159 Ga. App. 666 (284 SE2d 679) (1981). On the other hand, a disclaimer of warranties, as contained in the lease in question, is indicative of a true lease. *Petroziello v. U. S. Leasing Corp.*, 176 Ga. App. 858 (338 SE2d 63) (1985). Moreover, " 'the best test [of whether an agreement is a true lease or a conditional sale] is a comparison of the option [to purchase] price with the market value of the equipment at the time the option is to be exercised. Such a comparison shows whether the lessee is paying actual value or acquiring the property at a substantially lower price.' " (Citation and punctuation omitted.) *Ford Motor Credit Co.*, supra at 667. As noted above, the agreement here did not stipulate a purchase price but indicated an intent to negotiate a purchase price. Otherwise, the lease would continue on a month to month basis with rental payments due as before. Consequently, we hold that the evidence did not demand a finding that the agreement was actually a conditional sale and, instead, sufficient evidence exists to support the trial court's finding that the agreement was a true lease.

3. Because the trial court did not err in finding the agreement to be a true lease, neither did it err in finding the defendant was not discharged from the obligation as guarantor by plaintiff's failure to perfect a security interest in the equipment as required by OCGA § 11-9-302. A lease is subject to the provisions of Article 9 of the UCC only if it is intended to create a security interest in the equipment. See OCGA § 11-9-102 (2).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 10, 1989.

*Tobin & Hoffspiegel, Thomas W. Tobin, Valerie G. Tobin*, for appellant.

*Charles L. Dunn*, for appellee.