## A92A1409. MORTON v. THE STATE.
### (425 SE2d 336)

JOHNSON, Judge.

Albert W. Morton was convicted of violating the Fulton County Zoning Ordinance by improperly using his property, which was zoned for residential use, as storage for automobiles. The trial court sen-

tenced Morton to serve three concurrent six-month terms of imprisonment and ordered him to pay a $500 fine. Morton appeals.

At the outset, we note that the Supreme Court, rather than this court, has the exclusive jurisdiction to decide cases in which the constitutionality of a law or ordinance has been properly raised. See Art. VI, Sec. VI, Par. II of the Constitution of 1983. See also *Kariuki v. DeKalb County*, 253 Ga. 713 (324 SE2d 450) (1985). However, we are not divested of jurisdiction over an appeal where attempts to raise such constitutional challenges were not properly raised and ruled upon below.

1. In his first three enumerations of error, Morton contends that the trial court erred when it failed to recognize his constitutionally protected property rights; that the ex post facto provision of the Georgia Constitution was violated by the State; and that the trial court violated his constitutional due process rights. These enumerations are considered together.

"In order to raise a question as to the constitutionality of a law, at least three things must be shown: (1) The statute or the particular part or parts of the statute which the party would challenge must be stated or pointed out with fair precision; (2) the provision of the Constitution which it is claimed has been violated must be clearly designated; and (3) it must be shown wherein the statute, or some designated part of it, violates such constitutional provision." (Citations and punctuation omitted.) *Wallin v. State*, 248 Ga. 29, 30 (279 SE2d 687) (1981). After a review of the record, we find that Morton's attempted constitutional challenge does not comply with the foregoing guidelines and must fail.

A law is ex post facto when it is enacted after the offense was committed, and which, in relation to it or its consequences "alters the situation of the accused to his disadvantage." (Citations and punctuation omitted.) *Bailey v. State*, 210 Ga. 52, 54 (77 SE2d 511) (1953). The subject ordinances were revised prior to the commission of the offense. Fulton County Zoning Resolution, Art. IV, Section 4.2.5 (a) and (b) was amended in July 1989, and Art. XVIII, Section 18.3.1 was amended October 1989. Morton was charged with violating zoning ordinances in May 1990, more than eight months after the amendment of the statutes at issue. Consequently, the laws were not retroactively applied to him. We find no error.

Morton contends that the trial court denied his right to due process by allowing the prosecution to conduct an arraignment as to an amended Count 2 of the accusation without adequate notice. A few weeks prior to his trial, the state filed an accusation which amended Count 2 of the original accusation by adding the word "not" and correcting the spelling of the word "storage." Morton had originally been arraigned several weeks earlier, but the trial court allowed the State

to re-arraign Morton on the amended accusation. Morton requested a continuance so that he could file a demurrer contending that the amendments in Count 2 of the accusation materially affected his defense. The trial court overruled the motion for a continuance, holding that the two changes in the accusation were typographical in nature and would not substantively change either the charge or Morton's defense, and that the demurrer he had previously filed covered the matter.

Morton did not object to his arraignment on the amended Count 2, nor did he object or except to the denial of his motion for continuance. Instead, he went forward with the argument on his demurrer, which the trial court subsequently overruled.

Objections not properly raised at trial cannot be considered on appeal. *Barnwell v. State*, 197 Ga. App. 116, 118 (4) (397 SE2d 717) (1990). Accordingly, there is nothing before us to review as to this enumeration.

In his brief, Morton attempts to further support his contention that his due process rights were violated by arguing that evidence presented at trial was insufficient to uphold his conviction. "It is basic appellate practice that error argued in the brief, but not enumerated as error will not be considered on appeal. And, enumerations of error cannot be enlarged by means of statements in the brief . . . to include issues not made in the enumeration." (Citations and punctuation omitted.) *Giles v. State*, 197 Ga. App. 895, 897 (1) (400 SE2d 368) (1990). Accordingly, his claim is not meritorious.

2. Morton contends generally that he was denied a fair trial.

Our review of the record shows that Morton's trial was conducted properly, fairly, and in accordance with the laws of this state. Furthermore, Morton's enumeration is unduly vague, and the scope of his contention is neither narrowed nor clarified in his appellate brief, nor in any other place in the record. "Where the enumerated error is so general, and does not contain a key which the brief clarifies to identify the specific error enumerated, and neither record nor the notice of appeal assists in determining which one specific error is enumerated, we will consider only the general grounds as to sufficiency of the facts to support the judgment." (Citations and punctuation omitted.) *MacDonald v. MacDonald*, 156 Ga. App. 565, 569 (275 SE2d 142) (1980); see also *Veit v. State*, 182 Ga. App. 753, 755 (357 SE2d 113) (1987). There is ample evidence in the record to support Morton's conviction beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Morton asserts and the state concedes that the trial court imposed an unlawful term of incarceration as part of his sentence. OCGA § 36-1-20 (b) provides, in pertinent part, "in no case shall the maximum punishment for a violation of any such ordinance exceed a

fine of $1,000.00 or imprisonment for 60 days or both. . . ." The trial court ordered Morton to pay a $500 fine, which is within the statutory authority. However, in its imposition of concurrent six-month terms of incarceration on each of Morton's three counts of zoning code violations, the court exceeded the maximum punishment permitted by the statute. It appearing that the trial court imposed an unlawful term of incarceration, that portion of Morton's sentence requiring him to serve six months in jail is vacated, and the case is remanded for re-sentencing in accordance with OCGA § 36-1-20 (b). See *Littlejohn v. State*, 191 Ga. App. 852, 854 (383 SE2d 332) (1989).

*Judgment affirmed, sentence of incarceration vacated, and case remanded for re-sentencing. Carley, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 3, 1992 —
RECONSIDERATION DENIED NOVEMBER 23, 1992

Albert W. Morton, *pro se.*
*James L. Webb, Solicitor, R. Lee O'Brien, Jr., Helen A. Roan, Michael S. Moody, Assistant Solicitors*, for appellee.