## A93A1822. JACKSON et al. v. STATE OF GEORGIA.

(441 SE2d 811)

POPE, Chief Judge.

This appeal arises out of a civil forfeiture action brought by the State seeking forfeiture, pursuant to OCGA § 16-13-49, of $10,000 in United States currency and a 1985 Chevrolet Corvette.

The claimants/appellants argue the trial court erred by granting the State a continuance. OCGA § 16-13 49 (o) (5) provides that "[i]f an answer is filed, a hearing must be held within 60 days after service of the complaint *unless continued for good cause. . . .*" (Emphasis supplied.) The record in this case shows that the complaint was filed on November 4, 1992 and an answer and interrogatories were filed on December 18, 1992. On January 19, 1993, 60 days following service of the complaint, the State filed a motion for continuance requesting a continuance until the State's motion to disqualify claimants' attorney, also filed on that day, and the State's motion to dismiss the claimants' discovery requests[1] were "resolved." The certificate of service showed that the motion for continuance was hand delivered to the claimants' attorney on January 18, 1993, which was a State holiday.

On January 19, 1993, the same day the motions by the State were filed, the attorneys for the parties and the trial judge met in chambers. According to the stipulation of the parties, during that meeting claimants' new counsel informed the court that claimants' former counsel (who was the subject of the State's disqualification motion) had withdrawn, that she had made an entry of appearance that day, and that she had also withdrawn claimants' discovery requests. At that time the State requested the court to have a hearing on the forfeiture complaint or to grant a continuance, since it was the sixtieth day following the filing of the complaint. The claimants' attorney objected to going forward with the hearing, urging as her reason the State's failure to give notice of a hearing.

She also objected to the State's request for a continuance, and noted that a hearing had never been set from which a continuance could be granted. Upon further inquiry claimants' attorney stated that because she had no notice of the hearing, she did not know if she would be able to contact her clients so they could be present. The court informed counsel for claimants that if she would not agree to have a hearing at that time, he would grant the State's request for a continuance. The claimants' attorney did not acquiesce and the court granted the State's request for a continuance.

On February 18, 1993, claimants filed a motion to dismiss based, inter alia, on the failure to have a hearing within 60 days as required

---

[1] The State's motion to dismiss the discovery requests does not appear in the record.

by OCGA § 16-13-49 (o) (5). Following a hearing, the trial court denied claimants' motion and entered an order finding "good cause" for the granting of the first continuance. On March 29, 1993, a hearing was held on the State's condemnation complaint, at which time claimants again objected to the granting of the continuance, and the court again overruled claimants' objection.

We agree with claimants that the trial court erred in granting the State's motion for continuance. "OCGA § 16-13-49 (o) (5) provides that a hearing 'must' be held within 60 days of service after the complaint unless a continuance is granted for 'good cause.' " *Henderson v. State of Ga.*, 205 Ga. App. 542 (422 SE2d 666) (1992). In *Henderson*, this court held "that the legislature used the word 'must' in OCGA § 16-13-49 (o) (5) *to mandate* a speedy resolution of in rem condemnation cases." Id. Our Supreme Court recently affirmed our holding in *Henderson* that the word "must" as used in OCGA § 16-13-49 is mandatory rather than directory. *State v. Henderson*, 263 Ga. 508 (436 SE2d 209) (1993).

The State did not invoke a hearing in this case until the sixtieth day following service of the complaint, after it became apparent that the grounds urged in its motion for continuance, which was also filed on the sixtieth day, had been rendered moot. Pretermitting whether the State's dilatory actions in filing the motions would effect the finding of good cause (the record shows that the basis of disqualification of claimants' former counsel was known to the State well before the motion for disqualification was filed), by the time the in-chambers hearing on the State's motion for continuance was held, the only "cause" for granting a continuance to the State was the claimants' refusal to go forward with a hearing about which they had no prior notice. A continuance granted under these circumstances is not for "good cause." The real basis for the continuance was the State's failure to invoke a hearing within 60 days. Because of the State's inaction, the claimants were given a choice of agreeing to a continuance or participating in a hearing of which they had no notice. "The courts of Georgia have made it . . . clear that due process requires *notice* and hearing." *Blocker v. Blackburn*, 228 Ga. 285, 288 (185 SE2d 56) (1971). "It is [also] well established that in proceedings under statutory authority, whereby a person may be deprived of property, the statute must be strictly pursued and compliance with all statutory prerequisites must be shown." *Wrege v. Cobb County*, 186 Ga. App. 512, 513 (367 SE2d 817) (1988).

The State in this case failed to comply with the statutory time requirements applicable to the hearing on the forfeiture complaint. We do not think the fact that the legislature provided for the granting of a continuance means that the State can simply use that mechanism to avoid the time constraints otherwise mandated by statute.

That was the effect of the continuance granted in this case. It follows that the trial court abused its discretion in granting the continuance under the facts of this case, and that the denial of the claimants' motion to dismiss the State's complaint must be reversed. Accord *Alford v. State*, 208 Ga. App. 595, 598 (4) (431 SE2d 393) (1993).

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MARCH 9, 1994.

*Judy E. Shurling*, for appellants.
*George C. Turner, Jr.*, District Attorney, *James E. Barker*, Assistant District Attorney, for appellee.