## A95A0207. MAYNARD v. STATE OF GEORGIA.
### (457 SE2d 253)

ANDREWS, Judge.

The State filed a complaint instituting in rem forfeiture proceedings pursuant to OCGA § 16-13-49 against approximately four acres of real property known as 217 Shiloh Road located in Butts County titled in the name of Diane Maynard. The forfeiture proceedings were instituted after a May 1994 search of the house and appurtenances located on the property produced 187 pieces of crack cocaine. The warrant for the search of the property issued as a result of a law enforcement investigation into alleged illegal drug activities of Robert Blackmon.

Blackmon purchased the property in 1989, constructed a house on it in 1990, and occupied the property as his residence until he was arrested after the May 1994 search. Although Blackmon continued to use the property as his residence after he constructed the house, he conveyed title to the property in April 1990 by a gift deed to his sister, Maynard, who lived in Atlanta. In response to the forfeiture complaint, Maynard filed an answer asserting that the property was not subject to forfeiture because she was the "innocent owner" of the property pursuant to the provisions of OCGA § 16-13-49 (e).

The trial court entered an order finding that the property was being used to facilitate the storage, sale and possession of more than one ounce of cocaine, and that the property was forfeited to the State. Maynard appeals from the order of forfeiture.

Maynard contended that she was the owner of the property pursuant to the gift deed, and that the property was protected from forfeiture under the "innocent owner" provisions of OCGA § 16-13-49 (e), which provide that: "A property interest shall not be subject to forfeiture under this Code section if the owner of such interest or interest holder establishes that the owner or interest holder:

"(1) Is not legally accountable for the conduct giving rise to its forfeiture, did not consent to it, and did not know and could not reasonably have known of the conduct or that it was likely to occur;

"(2) Had not acquired and did not stand to acquire substantial proceeds from the conduct giving rise to its forfeiture other than as

an interest holder in an arm's length commercial transaction;

"(3) With respect to conveyances for transportation only, did not hold the property jointly, in common, or in community with a person whose conduct gave rise to its forfeiture;

"(4) Does not hold the property for the benefit of or as nominee for any person whose conduct gave rise to its forfeiture, and, if the owner or interest holder acquired the interest through any such person, the owner or interest holder acquired it as a bona fide purchaser for value without knowingly taking part in an illegal transaction; and

"(5) Acquired the interest:

"(A) Before the completion of the conduct giving rise to its forfeiture, and the person whose conduct gave rise to its forfeiture did not have the authority to convey the interest to a bona fide purchaser for value at the time of the conduct; or

"(B) After the completion of the conduct giving rise to its forfeiture:

"(i) As a bona fide purchaser for value without knowingly taking part in an illegal transaction;

"(ii) Before the filing of a lien on it and before the effective date of a notice of pending forfeiture relating to it and without notice of its seizure for forfeiture under this article; and

"(iii) At the time the interest was acquired, was reasonably without cause to believe that the property was subject to forfeiture or likely to become subject to forfeiture under this article.

"A property interest shall not be subject to forfeiture under this Code section for a violation involving one gram of cocaine or less or four ounces of marijuana or less unless said property was used to facilitate a transaction in or a purchase of or sale of a controlled substance or marijuana."

1. In her first enumeration of error, Maynard contends that the innocent owner provisions of OCGA § 16-13-49 (e), enacted by Ga. L. 1991, p. 886, effective July 1, 1991, are unconstitutional when applied retroactively to the interest she acquired in the property in April 1990. See Ga. Const. of 1983, Art. I, Sec. I, Par. X. Although the Supreme Court has jurisdiction when the constitutionality of a state law has been properly raised, we are not divested of jurisdiction in this case. Because the constitutional challenge was not raised in the trial court, this enumeration of error presents nothing for appellate review. *Archie v. Scott*, 190 Ga. App. 145, 146 (378 SE2d 182) (1989); *Morton v. State*, 206 Ga. App. 413, 414 (425 SE2d 336) (1992).

2. Secondly, Maynard contends that the trial court erred by failing to conclude that the property was not subject to forfeiture because she was an innocent owner under the provisions of OCGA § 16-13-49 (e).

Although the order of forfeiture does not specifically address

Maynard's innocent owner defense, it is implicit in the order that the court found Maynard failed to carry her burden to establish by a preponderance of the evidence that she was an innocent owner under the provisions of OCGA § 16-13-49 (e). See *State of Ga. v. Jackson*, 197 Ga. App. 619, 623 (399 SE2d 88) (1990). In a bench trial the trial judge sits as the trier of fact and his "[f]indings shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." OCGA § 9-11-52 (a). "The clearly erroneous test is the same as the any evidence rule. Thus, an appellate court will not disturb fact findings of a trial court if there is any evidence to sustain them." (Citations and punctuation omitted.) *Parking Co. of America v. Sucan*, 195 Ga. App. 616, 617 (394 SE2d 411) (1990).

The transcript of the forfeiture hearing shows that, at the conclusion of the hearing, the trial court concluded Maynard failed to show that, when she acquired title to the property from Blackmon, she acquired it as a bona fide purchaser for value, as set forth by the provisions of OCGA § 16-13-49 (e) (4). The trial court concluded that Maynard failed to show that she gave any "value" in return for the property. The trial court did not conclude that Maynard was connected to, consented to, knew about, or should have known about the conduct giving rise to the forfeiture, nor did the court conclude that Maynard acquired or stood to acquire any proceeds from such conduct. See OCGA § 16-13-49 (e) (1) and (2).

There was evidence to support the conclusion that illegal drug activity by Blackmon at the subject property was the conduct which gave rise to the forfeiture of the property. Under OCGA § 16-13-49 (e) (4), if the owner or interest holder acquired the property interest through any person whose conduct gave rise to its forfeiture, the owner or interest holder must establish that he or she was "a bona fide purchaser for value without knowingly taking part in an illegal transaction." Even if Maynard did not knowingly take part in any illegal transaction, she was still required to show that she was "a bona fide purchaser *for value*" from her brother, Blackmon, in order to carry her burden of proof.

We conclude that there was evidence to support the conclusion that Maynard was not a bona fide purchaser for value, and that the property was subject to forfeiture. The evidence showed that Blackmon gift-deeded the property to Maynard in April 1990 at about the time the house was constructed on the property. Maynard, who resided in Atlanta, paid no money for the property and never resided there. The gift deed recites that the consideration was Blackmon's natural love and affection for Maynard. Blackmon continued to use the property as his residence and he paid the mortgage on the house, all utility bills, and all property taxes. Both Blackmon and Maynard

testified that the gift deed was given pursuant to an oral agreement between them that, if Blackmon died, Maynard would take the property and raise his two minor children. However, the lawyer who prepared the April 1990 gift deed at Blackmon's request testified, with Blackmon's permission, that Blackmon told him he wanted to take the property out of his name and put it into his sister's name because "there was a threatening federal tax lien." Other evidence showed that a Georgia Bureau of Investigation informant made a controlled buy of cocaine from Blackmon at the property in January 1991, and that in 1989, before he bought the property in Butts County in 1990, Blackmon sold cocaine to a narcotics officer in Atlanta.

Generally, a person gives "value" for rights if he acquires them "in return for any consideration sufficient to support a simple contract." OCGA § 11-1-201 (44) (d). "Considerations are distinguished into 'good' and 'valuable.' A good consideration is such as is founded on natural duty and affection or on a strong moral obligation. A valuable consideration is founded on money or something convertible into money or having a value in money. . . ." OCGA § 13-3-41. Although there was various evidence regarding the consideration for the gift deed from Blackmon to Maynard, there was evidence to support the conclusion that Maynard was not a bona fide purchaser for value. Accordingly, the trial court did not err by ordering that the property be forfeited to the State.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED APRIL 27, 1995.

*Buford & Buford, Floyd M. Buford, Jr., Alfred D. Fears, Sr., William A. Fears,* for appellant.

*Tommy K. Floyd, District Attorney, Shelley S. Howard, Assistant District Attorney,* for appellee.