A96A0635. SHOOK v. STATE OF GEORGIA.
(470 SE2d 535)

ANDREWS, Judge.

After receiving information that Henry Wayne Shook was engaged in illegal drug sales, police made and monitored a controlled purchase of methamphetamines from Shook at his residence using a confidential informant. Based on this information, police obtained and executed a warrant to search Shook's residence. In the search, officers found and seized approximately 16 grams of methamphetamines, numerous plastic baggies, a set of triple beam scales, and $37,415 in cash located on Shook's person and in his truck. Shook was arrested and charged with possession of methamphetamines, a controlled substance, with intent to distribute. Thereafter, the State initiated civil in rem forfeiture proceedings against the $37,415 of currency pursuant to OCGA § 16-13-49. After a trial, the trial court entered an order declaring the money forfeited, and Shook appeals.

In his sole enumeration of error, Shook claims the forfeiture of the $37,415 was an excessive fine in violation of the Eighth Amendment of the United States Constitution.

In *Thorp v. State of Ga.*, 264 Ga. 712 (450 SE2d 416) (1994), the Supreme Court adopted a three-factor analysis as a minimum guideline for determining whether an in rem forfeiture is constitutionally excessive. Accordingly, in determining whether forfeiture of the property was constitutionally permissible, the trial court was required to apply the following factors in light of all the facts of the case: (1) whether the harshness of the penalty imposed by forfeiture of the property is proportional to the gravity of the offense giving rise to the

forfeiture; (2) whether the property had a close enough relationship with the offense to render it "guilty"; and (3) whether the criminal activity involving use of the property was extensive in terms of the period of time the property was used and/or the spatial use of the property. Id. at 717-718.

Based on evidence that Shook was engaged in an ongoing operation of buying, selling and using methamphetamines and that the $37,415 was either proceeds of the illegal conduct or was used or intended to be used to facilitate the illegal conduct, the trial court determined that forfeiture of the money to the State was proper under OCGA § 16-13-49 (d) (2) and (6). See also OCGA § 16-13-49 (d) (3). Part of the $3,415 in cash found on Shook's person was identified as money used by the confidential informant to purchase methamphetamines from Shook. The remaining $34,000 was found in wrapped and marked bundles hidden in a bag behind the front seat of Shook's truck. The truck was parked adjacent to a shed where officers found approximately 13 grams of methamphetamines along with numerous plastic baggies. There was expert opinion testimony from police that the amount of methamphetamines in Shook's possession exceeded the amount generally held for personal use and that the plastic baggies, scales and large amount of cash found with or near the drugs are items commonly used to facilitate the sale and distribution of illegal drugs. *Davis v. State*, 200 Ga. App. 44, 46 (406 SE2d 555) (1991); *James v. State*, 214 Ga. App. 763, 764 (449 SE2d 126) (1994). "The fact that money . . . was found in proximity to contraband or to an instrumentality of conduct giving rise to forfeiture authorizes the trier of the fact to infer that the money . . . was the proceeds of conduct giving rise to forfeiture or was used or intended to be used to facilitate such conduct." OCGA § 16-13-49 (s) (2). Although Shook testified that he was not involved in the sale and distribution of drugs and that the money had nothing to do with the drugs, the trial court, as the trier of fact, judged the credibility of the witnesses. Its findings of fact will not be set aside unless clearly erroneous. *Maynard v. State of Ga.*, 217 Ga. App. 344, 346 (457 SE2d 253) (1995). Since the clearly erroneous test is the same as the any evidence rule, we will not disturb the fact findings of the trial court where, as here, there is evidence to support them. Id. at 346.

In considering these facts under the three-factor analysis set forth in *Thorp*, supra, the trial court concluded that the money was "guilty" proceeds, closely connected to and used in extensive criminal activity giving rise to the proceeds, and that forfeiture of the money was not too harsh considering the gravity of the offense. We agree. The forfeiture of the money was not an excessive fine in violation of the Eighth Amendment.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 15, 1996.

*Millard G. Gouge*, for appellant.

*Kermit N. McManus, District Attorney, Susan L. Franklin, Assistant District Attorney*, for appellee.