## A96A1083. HINTON v. STATE OF GEORGIA.
(479 SE2d 424)

RUFFIN, Judge.

Marvin Hinton appeals from the trial court's order forfeiting his pickup truck to the State. The State initially seized the truck after police found a bag containing 87 pieces of crack cocaine on the ground under the driver's side of the pickup where Hinton was sitting. Hinton contends there was insufficient evidence to support the court's judgment. He also asserts that the court erred in denying his motion to dismiss, which was based on an alleged deficiency in the State's complaint and the failure of the court to hold a hearing within 60 days of service. For reasons which follow, we affirm.

1. The evidence was sufficient to support the judgment. On appeal, we view the evidence in a light most favorable to the court's judgment. See *Gearin v. State of Ga.*, 218 Ga. App. 390 (1) (461 SE2d 562) (1995). Furthermore, because the court in this case sat as the factfinder, we will not set aside its factual findings unless they are clearly erroneous. *State of Ga. v. Banks*, 215 Ga. App. 828 (2) (452 SE2d 533) (1994). A trial court's factual findings are not clearly erroneous if there is any evidence to support them. *Shook v. State of Ga.*, 221 Ga. App. 151, 152 (470 SE2d 535) (1996).

In this case, the trial court found that the State met its burden of proving a prima facie case for forfeiture. This burden required the State to establish, by a preponderance of the evidence, that the truck fell into one of six categories of property declared to be contraband under OCGA § 16-13-49 (d). *Banks*, supra at 832; *Pitts v. State of Ga.*, 207 Ga. App. 606 (2) (428 SE2d 650) (1993). OCGA § 16-13-49 (d) (2) declares the pickup truck contraband if it was "directly or indirectly, used or intended for use in any manner to facilitate a violation of [Article 2, which regulates controlled substances]. . . ." The court found, among other things, that Hinton's truck was used to facilitate a violation of OCGA § 16-13-30, which proscribes the possession and distribution of controlled substances.

The evidence showed that police were investigating drug selling activity at a DeKalb County residence. When police officers arrived at the residence to execute a search warrant, they found Hinton's truck parked in the driveway. Hinton was sitting in the driver's seat, the driver's side door was open, and another man was standing outside the truck on the driver's side. When several of the officers identified themselves as police, the man standing outside ran toward the front of the truck then lay on the ground five to six feet from the vehicle. At the same time, Hinton "appeared to be shuffling something" under the driver's seat. An officer testified that after he secured the man who was standing outside the truck, he ordered Hinton to exit the truck and lie on the ground on the driver's side of

the truck. The officer later found a black pouch on the ground directly under the driver's side of the pickup, less than one foot from the edge of the truck. The pouch contained 16 grams of cocaine packaged in 87 ziplocked baggies. Two officers testified that they had an unobstructed view of the man standing outside the truck and did not see the man bend down, drop anything, or throw anything under the truck.

Finally, the State introduced evidence that in 1991 Hinton pled guilty to a DeKalb County indictment charging him with possession of cocaine with intent to distribute.

Although the arresting officer in this case stated he did not actually see Hinton throw anything under the truck, the evidence authorized an inference that the black pouch containing the cocaine came from the truck. See *Mitchell v. State*, 222 Ga. App. 453 (2) (474 SE2d 306) (1996). From the officer's testimony that Hinton "appeared to be shuffling something" under the driver's seat, the trial court could have inferred that Hinton was putting the black pouch under the truck. Under these circumstances, we conclude that, although slight, there was some evidence to support the trial court's finding that the cocaine came from Hinton's truck and that the truck was contraband. Accordingly, the trial court's finding was not clearly erroneous. See *Shook*, supra.

2. Hinton asserts that the trial court erred in denying his motion to dismiss, which was based on an alleged deficiency in the State's complaint. Specifically, Hinton asserts that the complaint failed to set forth any *facts* showing an alleged violation, which he contends is required by OCGA § 16-13-49 (o) (1). That section, however, does not require the State to plead such *facts*.

OCGA § 16-13-49 (o) (1) provides in pertinent part that the State's forfeiture complaint "shall . . . allege the essential *elements* of the violation which is claimed to exist. . . ." (Emphasis supplied.) In interpreting this requirement, we must "look diligently for the intention of the General Assembly. . . ." OCGA § 1-3-1 (a). The omission of the express requirement for the State to plead essential "facts" "invites the application of the venerable principle of statutory construction *expressio unius est exclusio alterius*: the express mention of one thing implies the exclusion of another; or the similar maxim more usually applied to statutes, *expressum facit cessare tacitum*, which means that if some things (of many) are expressly mentioned, the inference is stronger that those omitted are intended to be excluded than if none at all had been mentioned." (Citations and punctuation omitted.) *Dept. of Human Resources v. Hutchinson*, 217 Ga. App. 70, 72 (1) (456 SE2d 642) (1995). If the General Assembly intended to require the State to plead essential facts, it simply could have stated, as it did in OCGA § 16-13-49 (o) (3) (F) regarding

answers, that the State is required to set forth "[a]ll essential facts supporting each assertion[.]" In the absence of such an express requirement, we conclude that OCGA § 16-13-49 (o) (1) does not require the State to plead essential facts and, therefore, find no error in the trial court's ruling.

3. Hinton asserts the trial court erred in denying his motion to dismiss because the court failed to hold the evidentiary hearing within 60 days of the date he was served with the State's complaint. We disagree.

OCGA § 16-13-49 (o) (5) provides that "[i]f an answer is filed, a hearing must be held within 60 days after service of the complaint unless continued for good cause. . . ." The record shows that Hinton was served with the complaint on September 12, 1995. Although the record does not contain any evidence of when the State requested a hearing, Hinton acknowledges that the State attempted to schedule the hearing 43 days after service. On October 25, 1995, the court signed an order which found good cause for continuance "[d]ue to the Court's crowded docket. . . ." Accordingly, the court scheduled the hearing for December 14, 1995. We find that this is good cause for continuing the hearing.

Furthermore, Hinton's reliance on *Jackson v. State of Ga.*, 212 Ga. App. 340 (441 SE2d 811) (1994), is misplaced. In *Jackson*, the State did not schedule a hearing and filed a motion for continuance on the sixtieth day following service. On that same day, the trial court held a hearing on the State's motion for continuance. The trial court granted the continuance because the claimant would not agree to have the forfeiture hearing that day. We held that the court erred in granting the continuance because the real basis for granting it "was the State's failure to invoke a hearing within 60 days. Because of the State's inaction, the claimants were given a choice of agreeing to a continuance or participating in a hearing of which they had no notice." Id. at 341.

Unlike *Jackson*, the continuance in this case beyond the 60-day period was not due to the State's inaction. As stated above, Hinton acknowledges that the State attempted to schedule the hearing 43 days after service. The record further shows that any further delay was caused by the court's crowded calendar. Finally, although Hinton also contends that the continuance in this case was actually granted in response to a motion by the State, he cites no evidence supporting this contention.

Accordingly, the trial court did not err in granting the continuance.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 2, 1996 —
RECONSIDERATION DENIED DECEMBER 17, 1996 —

*Stephen T. Maples, Frances C. Kuo,* for appellant.

*J. Tom Morgan, District Attorney, Carol M. Kayser, Assistant District Attorney,* for appellee.