A98A1584. STATE OF GEORGIA v. MILLER.
(507 SE2d 521)

Judge Harold R. Banke.

The State served Lawrence Miller, the potential claimant, with a complaint for civil forfeiture on November 26, 1997. The State sought certain property items based on alleged repeated sales of cocaine by Miller at his place of business to a confidential informant.[1] Miller filed a timely answer on December 29, 1997. Two days later, the State filed a local court form titled "Notice of Stipulation to Active List" in which the State asserted that it was ready for trial. The State also filed and served a separate pleading in which it requested that the case be placed on the next available non-jury calendar and be set for a hearing not later than January 23, 1998. The State's pleading explained that the civil forfeiture action was filed pursuant to OCGA § 16-13-49, which requires a hearing within 60 days of service unless continued for good cause. Notwithstanding the State's request, a hearing date was set for January 29, 1998. On the morning of the hearing, the State filed a motion to strike Miller's answer on sufficiency grounds and moved for judgment, and Miller filed a motion to dismiss the complaint. The trial court found that the State failed to monitor the calendar and should have moved for a continuance. Finding that the hearing was beyond the 60-day deadline under OCGA § 16-13-49 (o) (5), the trial court dismissed the State's complaint. Deeming the State's motion to strike Miller's answer as moot, the court refused to consider it. *Held*:

In its sole enumeration of error, the State contends that the trial court erred in dismissing its complaint. We agree and reverse. See *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994) (trial court's application of law to undisputed facts is subject to de novo appellate review).

---

[1] The State sought to obtain cash in the amount of $712.61, two Nextel phones with chargers and batteries, and one pair of binoculars.

The statutory procedure for in rem forfeiture provides in pertinent part, "[i]f an answer is filed, a hearing must be held within 60 days after service of the complaint unless continued for good cause." OCGA § 16-13-49 (o) (5). However, the 60-day time clock is not triggered unless the claimant files a "legally sufficient answer." *State of Ga. v. Alford*, 264 Ga. 243, 244-245 (2) (444 SE2d 76) (1994). A legally sufficient answer is "one meeting the pleading requirements of subsection (o) (3)." *Rojas v. State*, 269 Ga. 121, 122-123 (2) (498 SE2d 735) (1998). By law, the claimant's response in a civil forfeiture proceeding must be in "strict compliance with the special pleading requirements of OCGA § 16-13-49 (o) (3)." *Alford*, 264 Ga. at 245 (2) (b).

The legislature expressly directed that a claimant's answer under subsection (o) (3) *"must* be verified by the owner or interest holder *under penalty of perjury."* (Emphasis supplied.) Here, Miller's verification was not executed under penalty of perjury and merely says, "the facts stated in the foregoing Answer to the State's Complaint for Forfeiture are true and correct to the best of his [sic] knowledge and belief." This verification does not comport with the letter and the spirit of that subsection since it neither specifies the mandatory perjury language nor appears to subject Miller to a penalty of perjury.

The statute also mandates that the answer must set forth: "[t]he date, identity of transferor, and circumstances of the claimant's acquisition of the interest in the property." OCGA § 16-13-49 (o) (3) (D). Here, Miller's purported answer makes no mention of when, from whom, or how he acquired the binoculars. As to the two Nextel phones, Miller asserts that he acquired them "several months prior to this incident" from a specified Nextel location. However, the answer failed to specify a particular date or to provide other information to substantiate Miller's claim of ownership. As to the $712.61 cash, Miller asserts that he "acquired the currency seized from his person from drivers employed by his taxicab service on October 31, 1997." Again, Miller's response lacked the required information. It failed to identify the transferors by name nor did it list the amounts allegedly obtained from each driver. Thus, Miller's purported answer failed to fully and strictly comply with the special pleading rules of subsection (o) (3) including the perjury penalty language required for the verification and including the specific pleading requirements of OCGA § 16-13-49 (o) (3) (D). Because the purported "answer" was not legally sufficient, it did not commence the running of the 60-day time clock. *Alford*, 264 Ga. at 244-245 (2). Therefore, the trial court erred in dismissing the complaint. *State of Ga. v. Adams*, 264 Ga. 842 (1) (452 SE2d 117) (1995).

Notwithstanding Miller's claim to the contrary, *State v. Hender-*

*son*, 263 Ga. 508, 511 (436 SE2d 209) (1993), neither authorizes nor requires a different result. *Henderson* never addressed the effect of filing a legally insufficient answer, and, instead, resolved the question of whether the 60-day hearing rule requirement was mandatory or directory. Id. at 509. Similarly, Miller's reliance on *Jackson v. State of Ga.*, 212 Ga. App. 340 (441 SE2d 811) (1994) and *Hinton v. State of Ga.*, 224 Ga. App. 49, 51 (3) (479 SE2d 424) (1996) is misplaced. Neither case dealt with the situation, as here, where a legally insufficient answer had been filed.

*Judgment reversed. Johnson, P. J., and Smith, J., concur.*

DECIDED OCTOBER 6, 1998 — 

*Robert E. Keller, District Attorney, Rita B. Jackson*, for appellant. *Dwight L. Thomas*, for appellee.