### A99A2190. WOODS v. STATE OF GEORGIA.
(532 SE2d 747)

MILLER, Judge.

The primary question on appeal is whether in a civil forfeiture proceeding a court may consider and grant the State's oral motion, made and argued at an unreported calendar call, to strike the defendant's answer for lack of proper verification. Because under OCGA § 9-11-7 (b) (1) oral motions are allowed only at hearings and trials, which do not include unrecorded calendar calls, we hold the trial court erred in considering the motion and in striking the answer and therefore vacate the judgment and remand the case.

During a search of Claude Woods's residence, police found illegal drugs and seized his personal property and currency allegedly found in close proximity to the drugs. The State filed a complaint to have the property and currency forfeited under OCGA § 16-13-49 (o). Minutes before the calendar call on the morning trial was scheduled, Woods filed a motion in limine to suppress the evidence and a motion for summary judgment, both on the ground that the search was illegal. At the calendar call (which was not recorded), Woods asked for a continuance to have his motions considered, which continuance the court denied. Arguing Woods's absence from the courtroom meant the answer was not verified as required by law,[1] the State orally moved to dismiss Woods's answer. The court denied Woods's motions in limine and for summary judgment on the merits and granted the State's motion to strike, resulting in a judgment of forfeiture. Woods appeals the denial of his summary judgment motion and the striking of his answer.

1. Because forfeiture actions are civil proceedings,[2] OCGA § 9-11-81 requires that the Georgia Civil Practice Act apply except to the

---

[1] See OCGA § 16-13-49 (o) (3).
[2] *Morris v. State of Ga.*, 234 Ga. App. 683 (507 SE2d 532) (1998).

extent it conflicts with specific rules of the forfeiture statute.[3] OCGA § 16-13-49 does not identify a specific methodology for bringing motions in forfeiture proceedings. OCGA § 9-11-7 (b) (1) of the Georgia Civil Practice Act does provide such a methodology, requiring that motions be in writing unless made during a hearing or trial.[4] Furthermore, a party must generally serve written motions no later than five days before a hearing thereon.[5]

The question therefore is whether an unreported calendar call constitutes a "hearing or trial" in which oral motions to strike or dismiss can be received and considered. This appears to be a case of first impression in Georgia. Because Federal Rule 7 (b) (1) of the Federal Rules of Civil Procedure is worded identically, we look to the interpretation of that rule as instructive and, in this case, persuasive.[6]

The two leading commentaries on the Federal Rules of Civil Procedure concur that under the federal rule "hearing or trial" generally refers to proceedings before the court that are recorded, which would obviate the need for a writing.[7] We adopt this interpretation of Section 7 (b) (1) of the Georgia Civil Practice Act. Because calendar calls are not typically recorded, they are not a "hearing or trial" under this statute, and thus, oral motions should generally not be allowed in them. As the calendar call here was also unrecorded, the oral motion to strike Woods's answer was improper and the order based thereon invalid.[8]

2. But if allowing Woods to receive and respond to a written motion would have made no difference in the outcome, we would affirm on grounds of harmless error.[9] We find possible harmful error for two reasons.

First, the reasoning of the trial court was flawed. Focusing on the requirement of OCGA § 16-13-49 (o) (3) that the owner's answer be verified under penalty of perjury, the court concluded that this required the owner to be physically present when the case was called for trial so he could be cross-examined regarding his answer. Because Woods was not present at the calendar call, the court struck his answer. But absent a properly served subpoena or a court order, a party is not required to appear before the court to explain his plead-

---

[3] *Bell v. State of Ga.*, 234 Ga. App. 693, 694 (507 SE2d 535) (1998).

[4] *Brown v. Brown*, 217 Ga. App. 245, 246 (457 SE2d 215) (1995).

[5] OCGA § 9-11-6 (d).

[6] See *G. H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327 (1) (486 SE2d 810) (1997); *Tenneco Oil Co. v. Templin*, 201 Ga. App. 30, 31 (1) (410 SE2d 154) (1991); see also *Poole v. City of Atlanta*, 117 Ga. App. 432, 433 (2) (160 SE2d 874) (1968).

[7] 2 Moore's Fed. Prac., § 7.03 [2], p. 7-14 (3rd ed. 1999); 5 Wright & Miller, Fed. Prac. & Proc.: Civil 2d, § 1193, pp. 47-48 (1990).

[8] See Wright & Miller, supra.

[9] Cf. *Tifton Bank &c. Co. v. Knight's Furniture Co.*, 215 Ga. App. 471, 476 (5) (452 SE2d 219) (1994).

ings.[10] The requirement that the verification be under penalty of perjury refers to the wording of the verification[11] and does not require the affiant's personal appearance before the court.

Second, Woods could have corrected the defect in the verification wording by amendment. True, the verification here tracked the language held in *State of Ga. v. Miller*[12] to be inadequate under OCGA § 16-13-49 (o) (3).[13] But an amendment to the answer may correct the lack of a proper verification[14] and will relate back to the original filing date of the answer.[15] Here the court considered and granted the oral motion to dismiss on the ground that Woods's absence from court was fatal to the verification, not on the ground that the verification was improperly worded. Had the State properly and timely presented the latter ground, Woods could have amended his verification and answer to cure any defects.

The same is true of the State's argument that insufficient detail was contained in Woods's answer. Moreover, it would appear that Woods's giving of a reasonable time frame as opposed to a precise date for acquiring some of the property was not necessarily insufficient.[16]

Because Woods could have cured any defects by amendment, the error caused by improperly considering and ruling on the surprise oral motion to dismiss was not harmless.

3. We also vacate the trial court's summary denial of Woods's motion for summary judgment. Woods presented evidence that the search took place a day before the search warrant was issued. Because Woods presented evidence that the search was warrantless, the State bore the burden of proving the search's legality.[17] Evidence obtained from an illegal search generally must be excluded, even in forfeiture proceedings.[18] With no argument or evidence from the State, the court summarily and without explanation denied the

---

[10] See *Masonry Standards v. UPS Truck Leasing*, 257 Ga. 743 (363 SE2d 553) (1988).

[11] *State of Ga. v. Miller*, 234 Ga. App. 650, 651 (507 SE2d 521) (1998).

[12] Id.

[13] See generally *State of Ga. v. Alford*, 264 Ga. 243, 245 (2) (444 SE2d 76) (1994) (answer must be in strict compliance with the special pleading requirements of OCGA § 16-13-49 (o) (3)).

[14] *Bell*, supra, 234 Ga. App. at 695.

[15] See *Rojas v. State of Ga.*, 269 Ga. 121, 123 (2) (498 SE2d 735) (1998); *Jackson v. State of Ga.*, 231 Ga. App. 320, 321 (1) (498 SE2d 159) (1998).

[16] See *Howard v. State of Ga.*, 223 Ga. App. 323, 324 (477 SE2d 605) (1996); cf. *Harris v. State of Ga.*, 222 Ga. App. 267, 268 (474 SE2d 201) (1996) (circumstances were "broadly" outlined); compare *Miller*, supra, 234 Ga. App. at 651 (transferors not identified nor amounts received from each).

[17] See OCGA § 17-5-30 (b); *Merritt v. State*, 133 Ga. App. 956, 957 (1) (213 SE2d 84) (1975).

[18] *Migliore v. State of Ga.*, 240 Ga. App. 783, 784, n. 1 (525 SE2d 166) (1999), citing *Pitts v. State of Ga.*, 207 Ga. App. 606, 607 (1) (428 SE2d 650) (1993).

motion on its merits. The proper procedure would have been to allow the State to respond to the motion to determine if there were a material issue of fact as to the search's legality.[19] We remand for proceedings consistent with this opinion.

4. The above rulings moot the remaining enumerations of error.

*Judgment vacated and case remanded with direction. Pope, P. J., concurs. Smith, J., concurs in judgment only.*

DECIDED MARCH 28, 2000.

*George C. Creal, Jr.,* for appellant.

*Robert E. Keller, District Attorney, Rita B. Jackson, Assistant District Attorney,* for appellee.