**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**December 5, 2013**

# In the Court of Appeals of Georgia

A13A2110. IN RE: THE ESTATE OF MARIA LOUISA COUTERMARSH.

BARNES, Presiding Judge.

Virginia Buinicky filed a petition to remove Bonnie Auger as executrix of the estate of Maria Louise Coutermarsh (the "decedent") and to appoint Buinicky as successor executrix. After an evidentiary hearing, the probate court granted the petition, finding that Auger had a conflict of interest with the estate that justified her removal as executrix. On appeal, Auger contends that the probate court erred (1) by failing to strike Buinicky's petition or grant a continuance when Buinicky did not appear at the hearing on the petition; (2) by relying upon documents that were never introduced into evidence at the hearing in finding that Auger had a conflict of interest; and (3) by exercising jurisdiction to address whether Auger's involvement in a real estate transaction that occurred before the decedent's death was improper. For the reasons discussed below, we affirm.

The record reflects that the decedent executed her last will and testament in March 2006, naming her niece, Auger, as executrix of her estate and her sister, Buinicky, as successor executrix. The decedent died in January 2011, and Auger was duly appointed as executrix of the estate. In October 2012, Buinicky filed a petition to remove Auger as executrix and to have herself appointed as successor executrix. Buinicky alleged that there was evidence that Auger had mismanaged and misappropriated the decedent's property as part of a real estate transaction that occurred before the decedent's death when Auger held a durable power of attorney to act on behalf of the decedent. Buinicky contended that as executrix, Auger had a duty to investigate her own prior involvement in the real estate transaction to determine if legal action should be pursued on behalf of the estate,[1] thereby creating a conflict of interest that necessitated her removal as executrix.

---

[1] The legal representative of an estate has the exclusive right to bring an action on behalf of the estate. See OCGA § 53-7-45; *Memar v. Styblo*, 293 Ga. App. 528, 528-529 (667 SE2d 388) (2008). See also 1 Mary F. Radford, Redfearn Wills and Administration in Georgia, § 12:9 (7th ed. 2008 & Supp. 2012). Among other types of claims, the representative may bring an action on behalf of the estate to recover property conveyed from the decedent to a third party as the result of fraud or undue influence. See generally *McSherry v. Israel*, 221 Ga. 717 (146 SE2d 734) (1966); *Prainito v. Smith*, 315 Ga. App. 791 (728 SE2d 309) (2012).

The probate court held an evidentiary hearing on Buinicky's petition. Auger and her counsel appeared at the hearing. Buinicky was not present, but was represented by counsel. Auger objected to the hearing going forward without Buinicky, but the probate court reserved ruling on the objection and proceeded to hear evidence on the petition, including testimony from Auger. Notably, however, a transcript of the hearing was not filed for inclusion in the record on appeal.

Based on the evidence presented at the hearing, the probate court entered an order granting Buinicky's removal petition. In its order, the court ruled that Buinicky's counsel was authorized to appear on his client's behalf and overruled Auger's objection to Buinicky not being present at the hearing. The court went on to find that there was evidence that before the decedent's death when Auger held a durable power of attorney to act on her behalf, Auger used the decedent's money to purchase a house for $90,000 and had the closing attorney prepare a deed conveying the property to the decedent and Auger as joint tenants with rights of survivorship. The court further found that there was evidence that the decedent "was suffering from some mental deficits at the time of the closing on the house" and that the decedent never met with or spoke to the closing attorney who handled the real estate transaction. Additionally, the court found that there was evidence that Auger later

3

prepared a real estate purchase agreement, both on behalf of herself individually and acting on the decedent's behalf, that would have transferred the decedent's interest in the house to Auger before her death for the sum of $35,000. In light of this combined evidence, the court determined that Auger's "apparent self-dealing in the real estate transactions" might have amounted to a breach of her fiduciary duties owed to the decedent under her power of attorney and necessitated further investigation by the executrix. Because Auger could not be expected to investigate her own actions, the probate court concluded that Auger had a conflict of interest with the estate that justified her removal as executrix and the appointment of Buinicky as successor executrix.

1. Auger first contends that the probate court erred in failing to strike the removal petition or grant a continuance when Buinicky chose to be represented solely by counsel at the hearing rather than attend in person. We disagree.

Absent a properly served subpoena or court order requiring a party to appear in person, a party "may choose not to be present at the trial of the case and to be represented solely by counsel." *Chapman v. Avco Financial Svcs. Leasing Co.*, 193 Ga. App. 147, 148 (1) (387 SE2d 391) (1989). See *Woods v. State*, 243 Ga. App. 195, 196 (2) (532 SE2d 747) (2000) (physical precedent only) ("[A]bsent a properly served

4

subpoena or a court order, a party is not required to appear before the court to explain his pleadings."). See also *Masonry Standards v. UPS Truck Leasing*, 257 Ga. 743, 743-744 (363 SE2d 553) (1988) (trial court erred in sanctioning defendant for failing to appear in person at trial); *Burkhalter v. Durrence*, 93 Ga. App. 374, 374-375 (91 SE2d 774) (1956) (physical precedent only) (trial court did not err in allowing trial to proceed where counsel was present but not his client). This rule accords with the long-established principle that "[t]here is full power on the part of the counsel to represent the client, and it is just the same as if the client were there in person." (Citation and punctuation omitted.) *Adkins v. Bryant*, 133 Ga. 465, 466 (66 SE 21) (1909). See *McCoy v. McSorley*, 119 Ga. App. 603, 604 (2) (168 SE2d 202) (1969) ("The strong presumption arises from an attorney's appearance in court on behalf of a litigant that he is authorized to appear and to act for that party.").

While it is undisputed that Auger did not subpoena Buinicky to appear as a witness at the hearing on the petition, Auger argues that the rule nisi issued by the probate court for the hearing required Buinicky to be present. We are unpersuaded. The rule nisi did not specify that Buinicky had to attend in person rather than through counsel, and given that "in the trial of civil cases, parties litigant are frequently permitted by the court to be represented by counsel instead of appearing in person,"

5

we decline to construe the rule nisi as requiring Buinicky to personally attend the hearing in the absence of particularized language to that effect. *Adams v. Moore*, 199 Ga. 534, 536-537 (34 SE2d 600) (1945) (declining to construe rule nisi as requiring defendant to personally appear in court rather than through counsel). Furthermore, there is nothing in the record indicating that Buinicky or her counsel misled Auger into believing that Buinicky would be present at the hearing or suggesting that Buinicky or her counsel were otherwise on notice that she was expected to personally attend. Compare *Bayless v. Bayless*, 280 Ga. 153, 156 (1) (625 SE2d 741) (2006) (award of sanctions proper for appellant's failure to appear at final hearing even though order did not specify that appellant had to appear in person, where there was a "clear indication" from other evidence in the record that appellant's counsel and the trial court "believed that [appellant] had the obligation to be in court for the final hearing," and where the sanctions were awarded for the appellant's course of conduct throughout the proceedings, not simply for his failure to appear); *Masonry Standards*, 257 Ga. at 744, n. 1 (363 SE2d 553) (1988) (noting that a continuance may be warranted where a party "reasonably relies on his opponent's guarantee that a crucial witness will be present at trial").

Accordingly, given the absence of a subpoena or court order specifying that Buinicky was required to attend in person, Buinicky was authorized to be represented solely by counsel at the hearing on the petition. The probate court thus committed no error in overruling Auger's objection to proceeding with the hearing and in declining to strike Buinicky's petition or grant a continuance.

2. Auger next contends that the probate court lacked sufficient evidence to remove her as executrix because the court, in finding that she had a conflict of interest, relied upon documents that were never introduced into evidence at the hearing. Buinicky responds that Auger's testimony at the hearing and other admissions by her during the course of the proceedings provided sufficient competent evidence upon which the probate court could rely in removing Auger as executrix.

As previously noted, no transcript of the hearing on the petition was filed for inclusion on appeal, and, therefore, we are unable to review Auger's contention that there was insufficient competent evidence to support her removal as executrix. "An appellant who alleges error in the trial proceedings has the burden of producing a transcript of the allegedly erroneous matter." (Citation and punctuation omitted.) *Sterling, Winchester & Long, LLC v. Loyd*, 280 Ga. App. 416, 419 (3) (634 SE2d 188) (2006). Without access to the transcript of the hearing or a statutorily authorized

7

substitute, we must presume that the probate court's ruling was correct and reject Auger's claim of error. See *Sanders v. Daniel*, 302 Ga. App. 350, 351 (1) (691 SE2d 244) (2010).

3. Lastly, Auger contends that the probate court lacked jurisdiction to determine whether her involvement in the real estate transaction that occurred before the decedent's death was improper and constituted a breach of her fiduciary duties owed to the decedent under her power of attorney. According to Auger, the probate court lacked jurisdiction to make such a determination because probate courts do not have jurisdiction to decide matters of title to real property. Auger's contention is without merit.

"In Georgia, it is well-settled that probate courts do not have jurisdiction to adjudicate conflicting claims of title to real or personal property." *In re Estate of Adamson*, 215 Ga. App. 613 (1) (451 SE2d 501) (1994). See Ga. Const. 1983, Art. VI, Sec. III, Par. I; OCGA § 15-9-30 et seq.; *Ray v. Natl. Health Investors*, 280 Ga. App. 44, 47 (1) (633 SE2d 388) (2006). But the probate court in this case simply determined that it was appropriate to remove Auger as executrix of the decedent's estate as a result of a conflict of interest and to appoint Buinicky as successor

executrix; nothing in the probate court's order attempted to determine title to property.

The removal of a executrix of an estate as the result of a conflict of interest is well within the jurisdictional bounds of the probate court. See OCGA § 15-9-30 (a) (2) ("Probate courts have authority, unless otherwise provided by law, to exercise original, exclusive, and general jurisdiction [over] . . . [t]he granting of letters testamentary and of administration *and the repeal or revocation of the same*") (emphasis supplied); *Wardlaw v. Huff*, 259 Ga. 1, 2 (2) (376 SE2d 366) (1989) ("Where the personal interests of the representative of an estate conflict with the interests of the estate it is within the discretion of the probate judge . . . to remove the representative."); *Benefield v. Martin*, 276 Ga. App. 130, 132 (622 SE2d 469) (2005) (noting that probate courts have the authority to, among other things, "remove executors"). Hence, contrary to Auger's contention, the probate court's order was jurisdictionally proper. See *Ray*, 280 Ga. App. at 47 (1) (probate court's order removing appellant as administrator of estate due to conflict of interest and breach of fiduciary duty was not void for lack of jurisdiction, given that "the probate court did not attempt to determine title to property").

*Judgment affirmed. Miller and Ray, JJ., concur.*

9